Saul S. Stbeit, J.
The first cause of action is claimed, in plaintiff’s brief, to be one for abuse of process. It does not attempt to plead a termination, in plaintiff’s favor, of the action for fraud and deceit commenced against him by his wife, which would be a necessary requirement of a cause of action for malicious prosecution. Nor are the words claimed to be defamatory of plaintiff pleaded in hcec verba as required in a cause of action for libel. If the first cause of action is good at all, it is only as one for abuse of process.
It is alleged that defendants inserted in the complaint, in the wife’s deceit action, allegations regarding plaintiff which, if published, would expose him to public ridicule and contempt; that these allegations were irrelevant and immaterial to the cause of action in deceit; and that the purpose of pleading said allegations was to force plaintiff to pay defendants to withdraw the complaint so that it would not be “ available as a public record for newspaper publicity ”. If no more than this were alleged in the first cause of action, the cause would not be good (Rubinstein v. Rubinstein, 35 N. Y. S. 2d 926). In the cited case, the complaint was held insufficient as one for abuse of process, although it alleged that the defendants had incorporated in the complaint scandalous, malicious and defamatory matter for the purpose of compelling the plaintiff, through fear and duress of unfavorable publicity, to pay money to defendants. Mr. Justice Shientag pointed out that the institution of an action with wrongful motives is insufficient to constitute abuse of process, and that the gist of that tort is the improper use of the process, after its issuance, to achieve a collateral, improper purpose. (See, also, Miller v. Stern, 262 App. Div. 5; Hauser v. Bartow, 273 N. Y. 370.)
The complaint, however, contains additional allegations which do establish a perversion of the action from its lawful and proper purposes to a vehicle for attempted, extortion. Paragraph XIX alleges that defendants, Maxwell and Burke, threatened plaintiff with adverse newspaper publicity unless he paid several million dollars to them to withhold further action by them. Paragraph XXI alleges that defendants caused the scandalous, irrelevant and immaterial allegations of the complaint to be given extensive and lurid publicity when plaintiff refused to comply with their demands. The pleading alleges that all the defendants participated in a conspiracy to force plaintiff to pay them money to escape adverse publicity rather than defend the action. These averments, in the court’s opinion, make out a case of abuse of process. Threats to give wide publicity to the contents of a complaint, in order to coerce and *331 extort payments from the defendant in the action, motivated by a desire to escape adverse publicity, and the consummation of such threats do not constitute a legitimate and proper use of the process of the court. The action for deceit has thereby been transformed from its lawful function to an instrument of attempted blackmail and extortion. Even if the amount sought by defendants as the price of refraining from publicizing the defamatory allegations of the complaint was due in any event as damages for fraud and deceit, the improper perversion of the action and the complaint from their legitimate function would constitute abuse of process. In Harper on Law of Torts (§ 272), the text states that the suing out of a subpoena to coerce the debtor to pay the debt, rather than suffer the inconvenience of appearing and testifying, is an abuse of process. “ The money which was hoped to be procured was here lawfully due ; but that is no more an excuse for the abuse of the subpoena than it would be for threats of physical violence (Harper on Law of Torts, § 272.) (See, also, Dishaw v. Wadleigh, 15 App. Div. 205.)
The second cause of action is based on the alleged violation of plaintiff’s privacy. Plaintiff’s brief takes the position that the cause of action is based on a violation of his right of privacy in every State where newspapers and periodicals, containing statements referring to plaintiff, were published, without his consent.
In this State, there was no right of privacy at common law (Roberson v. Rochester Folding Box Co., 171 N. Y. 538). The right was created by the enactment of sections 50 and 51 of the Civil Rights Law and exists only in situations covered by those sections. “ The statute is in part at least penal, and should be construed accordingly ” (Binns v. Vitagraph Co., 210 N. Y. 51, 55). To come within the statute, the plaintiff’s name must have been used “ within this state for advertising purposes or for the purposes of trade (Civil Rights Law, § 51; italics supplied.) Plaintiff alleges that the unauthorized use of his name was for the purpose of extorting money from him to induce defendants to withdraw his wife’s deceit action. This is clearly not a use for advertising purposes, and it is likewise, not a use for “ the purposes of trade ” within the meaning of the statute. Sections 50 and 51 of the Civil Rights Law were, as their language clearly indicates, designed to prevent commercial exploitation of a person’s name, portrait or picture. Had the Legislature intended to prohibit unauthorized use of a person’s name or picture for the purposes of all gain, it could easily have so provided. The statute was obviously aimed at exploitation for *332 purposes of commerce. Being partly penal, its scope must be strictly construed and may not be enlarged to include any unauthorized use with a mercenary motive. Plaintiff’s brief admits that no New York case has been found where it was attempted to apply the statute to a noncommercial use of a person’s name or portrait, and the court has likewise been unable to find such a case. In the court’s opinion no cause of action under the law of this State has been made out.
As to plaintiff’s claim that the cause of action is valid under the laws of various sister States where publication occurred, it is sufficient to point out that there is no clear or definite allegation as to the identity of the States where it is claimed that plaintiff’s name was published. The general allegation that it was published “throughout the United States and Canada” does not necessarily mean that it was published in .every single State and province of those countries. The presumption that the common law of the jurisdictions where publication took place is the same as our own does not avail plaintiff, for under our common law, as previously observed, there was no right of privacy. There is no similar presumption as to our statutory law, and, even if there were, plaintiff would not be aided thereby, for our statute is not broad enough to encompass an unauthorized nontrade or noncommercial use. If plaintiff is of the opinion that he possesses a good cause of action in one or more jurisdictions where the plaintiff’s name was published, he should allege publication in those jurisdictions. He should also allege the law of those jurisdictions and not impose the burden on the court of itself mating research into the law of many and perhaps all of our sister States and of the provinces of Canada.
The motion is denied insofar as it seeks dismissal of the first cause of action, or, in the alternative, to have it made more definite and certain, and granted insofar as dismissal of the second cause of action is applied for. The application to strike various paragraphs from the first cause is, however, granted as to paragraphs II, III, XIV, XV, XVI, XXII, XXIII, XXIV, XXV, XXVT, XXVII and XXX which are immaterial and irrelevant to the cause of action. The allegations of the cause of action should be limited to those which aver that defendants threatened to and did publish defamatory allegations of the complaint, in an action brought by them, in order to extort money from plaintiff so that he might avoid a trial on the merits.
Plaintiff may serve an amended complaint, within 10 days from the service of a copy of the order to be entered hereon, with notice of entry.
Settle order.