511 P.2d 509 (1973)
MEAD & MOUNT CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff-Appellee,
v.
FOX METAL INDUSTRIES, INC., a Colorado corporation, Defendant-Appellant.
No. 72-087.
Colorado Court of Appeals, Div. II.
April 10, 1973.
Rehearing Denied May 1, 1973.
Certiorari Denied July 2, 1973.
*510 Doyle & Biesterfeld, James D. Doyle, M. D. Biesterfeld, Denver, for plaintiff-appellee.
Harry M. Williams, Denver, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
Mead & Mount Construction Company brought this action against Fox Metal Industries, seeking damages for fraud and deceit. The basis of Mead & Mount's claim was that Fox, a subcontractor to one of Mead & Mount's principal subcontractors, E. K. Jenkins, Inc., had submitted applications for installment payments, which, pursuant to its contract with Jenkins, were to be based upon the progress of the work at the time submitted, and which overstated the actual work done on the job. Thereafter, the principal subcontractor was forced to leave the job due to bankruptcy, which, in turn, induced Fox to leave the job for fear it was not going to be paid. Since its progress reports were overstated when it left the job, Fox had been paid for considerably more of the job as a percent of its total contract price than it had completed. It is this alleged overpayment that is the basis of this action.
Applying the principles of Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, the trial court concluded that Fox had knowingly misrepresented a material fact, intending that Mead & Mount rely and act thereon, and that Mead & Mount had relied on the misrepresentation to its detriment. The Court then entered judgment against Fox. Fox brings this appeal alleging several points of error. We affirm.
Initially, Fox contends that it cannot be sued by Mead & Mount for fraud and deceit since it dealt exclusively with Jenkins. Essentially, Fox argues that Mead & Mount had no knowledge of either the contract or the billing method between Fox and Jenkins, and that, therefore, it could not have been relying upon any misrepresentation to it by Fox when it paid Fox. We find no merit in this argument.
A representation, to be the basis of a fraud and deceit action, need not, in all cases, be made to the party seeking recovery. Harold v. Pugh, 174 Cal.App.2d 603, 345 P.2d 112; Wice v. Schilling, 124 Cal. App.2d 735, 269 P.2d 231. It is necessary only that the plaintiff be in the class of persons that the defendant intended to influence. W. Prosser, Torts, § 107, (4th ed.)
Here, the trial court found, based upon the evidence, that Fox knew that Jenkins, after receiving the progress report upon which the application for installment payments were based, submitted them to Mead & Mount, and that Mead & Mount, not Jenkins, was ultimately responsible for paying Fox. Thus, the trial court could properly conclude that "fraud and deceit" was intended to be practiced upon Mead & Mount.
All of the other alleged errors raised by Fox are addressed to the question of whether the trial court's findings were supported by the evidence. A review of the record has convinced us that they were, and therefore, they will not be disturbed on appeal. Bell Press, Inc. v. Phillips, 147 Colo. 461, 364 P.2d 398.
Judgment affirmed.
DWYER and SMITH, JJ., concur.