526 P.2d 316 (1974)
John J. RYWALT et al., Plaintiffs-Appellees,
v.
The WRITER CORPORATION, a/k/a the Writer Construction Corporation, et al., Defendants-Appellants.
No. 73-333.
Colorado Court of Appeals, Div. I.
August 27, 1974.
Michael F. Scott, Denver, for plaintiffs-appellees.
Ralph B. Rhodes, Denver, for defendants-appellants.
VAN CISE, Judge.
Defendant The Dam Homeowner's Association (Association) appeals from a judgment entered in favor of plaintiffs Fred and Dorothy Colyer (Colyer) and Lee and Bernice Scott (Scott) enjoining the Association from constructing a tennis court on "common property" of the Association in the vicinity of the Colyer and Scott residences, and from a judgment dismissing Association's counterclaim against Colyer and Scott for damages for an alleged interference with an advantageous business relationship. We reverse as to the injunction and affirm the dismissal of the counterclaim.
*317 Plaintiffs Colyer and Scott own adjacent homes on lots in "The Dam," a subdivision developed by defendant The Writer Construction Corporation (Writer). All lot owners in the subdivision are members of the Association. The land to the north rear of the Colyer and Scott lots is "common property," owned by the Association for the use and enjoyment of all of its members. On that common property is a tennis court located close to the north line of the Colyer property and northeast of the Scott property. The Association, through its board of directors, proposed to construct, with funds furnished by Writer, a second tennis court adjacent to the west side of the existing one, close to the north line of both plaintiffs' properties.
Plaintiffs filed suit to enjoin the Association from constructing a tennis court in that location. They alleged that the decision to build the second court and to locate it behind their properties was ultra vires and constituted arbitrary and capricious action by the board of the Association. Plaintiffs also alleged that construction of the tennis court would constitute: (1) unreasonable interference with their view, (2) interference with access to other common properties, and (3) an unreasonable invasion of their privacy. The court found insufficient harm to plaintiffs to support injunctive relief on these grounds.
The court did conclude that the Association's board had acted arbitrarily and capriciously, and on that basis entered its order enjoining construction of the tennis court unless and until certain conditions were met. In support of its order, the court made extensive findings as to (1) the incompleteness of minutes of meetings, (2) the use of the annual meeting of members for the sole purpose of electing directors, (3) the practice of holding closed board meetings, (4) the failure to submit the matter of the second tennis court to the architectural control committee, (5) the existence of other matters which, in the opinion of the trial court, should have priority, such as drainage problems and camper and boat parking, (6) the inadequacy of a membership poll taken with regard to the location of the proposed new court, and (7) the failure to poll them at all on whether a new court was needed or required. None of the above support a conclusion that the board acted arbitrarily or capriciously.
Pertinent statutes, the articles of incorporation, the bylaws, and the declaration of covenants and restrictions pertaining to the Association, contain no special provisions with regard to conduct of directors meetings, agenda for membership meetings, or requirements for polling members other than on assessments. The architectural control committee's review function is limited to structures constructed or maintained on lots and not on the common properties. Both the articles and the bylaws specify that "the affairs of this Association shall be managed by a board of six directors." The bylaws provide further that "the board of directors shall have power . . . exercise for the Association all powers, duties, and authority vested in or delegated to this Association and not reserved to the membership by other provisions of these bylaws, the articles of incorporation, or the declaration."
The good faith acts of directors of profit or non-profit corporations which are within the powers of the corporation and within the exercise of an honest business judgment are valid. Courts will not, at the instance of stockholders or otherwise, interfere with or regulate the conduct of the directors in the reasonable and honest exercise of their judgment and duties. Horst v. Traudt, 43 Colo. 445, 96 P. 259; Taylor v. Axton-Fisher Tobacco Co., 295 Ky. 226, 173 S.W.2d 377, 148 A.L.R. 834; 19 Am.Jur.2d Corporations § 1148; 19 C. J.S. Corporations § 984. There being no evidence that the directors acted in bad faith or in fraud of the rights of the members, the injunction cannot be upheld. See Mountain States Packing Co. v. Curtis, 86 Colo. 355, 281 P. 737.
*318 The Association also alleged as error the dismissal of its claim for damages against Colyer and Scott for their alleged interference with an advantageous business relationship between the Association and Writer. No damage is shown from interference if any, because the evidence shows that Writer paid the Association the amount agreed upon to cover the costs of construction of the second tennis court.
The granting of the injunction is reversed, and the dismissal of defendant Association's counterclaim against plaintiffs is affirmed. The cause is remanded to the trial court with directions that it dismiss the complaint with prejudice.
COYTE and SMITH, JJ., concur.