Raymond J. DONOVAN, Secretary of Labor, Plaintiff,

v.

GINGERBREAD HOUSE, INC., Patricia Jo Stone and James Z. Stone, Defendants/Third Party Plaintiffs,

v.

Beth NELSON, Vickie Blatchley, Vinnie Tomlin, and Barbara Beckwith, Third-Party Defendants.

Civ. A. No. 81–K–1292.

United States District Court, D. Colorado.

April 8, 1982.

Ann M. Noble, Dept. of Labor, Denver, Colo., for plaintiff.

Thomas J. Melton, Denver, Colo., for Gingerbread.

Eugene F. McGuire, Vanatta, Spelts & McGuire, Denver, Colo., for Nelson, Blatchley & Tomlin.

Frank L. Beckwith, Lakewood, Colo., for Beckwith.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action by the Secretary of Labor (hereinafter "secretary"), against the defendants, Gingerbread House, Inc., and its president, James Stone and program director, Patricia Stone, to enjoin the defendants from violating certain provisions of the Fair Labor Standards Act of 1938 (as amended, 29 U.S.C. § 201 *et seq.*) and to recover unpaid overtime compensation owed to the defendants' employees. Specifically, the secretary charges the defendants with failing to keep, make and preserve wage and hour records in accordance with 29 U.S.C. §§ 211(c) and 215(a)(5), discriminating against their former employees, Beth Nelson, Vicki Blatchley, Vinnie Tomlin and Barbara Beckwith, in retaliation for their complaints to the department of labor, in violation of 29 U.S.C. § 215(a)(3) and unlawful and willful withholding of over-

time compensation from those employees in violation of 29 U.S.C. §§ 207 and 215(a)(2).

The defendants have filed a third-party complaint, pursuant to Rule 14(a), F.R. Civ.P., against their former employees Beth Nelson, Vickie Blatchley, Vinnie Tomlin and Barbara Beckwith. The defendant-third-party plaintiffs allege that Blatchley and Nelson, who were assistant directors of Gingerbread House, breached a fiduciary duty by intentionally permitting certain employees to work in excess of normal working hours and by making improper and fraudulent entries in the work records to reflect work time which was not actually spent in the employ of the defendants. The third-party plaintiffs further allege that a part-time teenage employee, Barbara Beckwith, acted contrary to explicit instructions by working more than 40 hours per week. Finally, the third-party plaintiffs allege that all of the named employees have instituted complaints through the department of labor solely to harass the third-party plaintiffs.

This court has jurisdiction over the Fair Labor Standards Act (hereinafter "FLSA") claims pursuant to 29 U.S.C. § 217, and 28 U.S.C. §§ 1337 and 1345, and has jurisdiction over the third-party plaintiffs' state law claims under the doctrine of ancillary jurisdiction. *See United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This case is now before me on the secretary's and third-party defendants' motions for summary judgment pursuant to Rule 56, F.R.Civ.P. The secretary and third-party defendants initially filed motions to dismiss the third-party complaint pursuant to Rule 12(b)(6).[1] The third-party plaintiffs then filed a memorandum of law in opposition to the motions to dismiss. When the secretary filed a reply brief attaching supporting affidavits, I converted the motions to dismiss to motions for summary judgment pursuant to Rule 12(b), F.R.Civ.P. Rule 12(b) provides in pertinent part:

[1] I granted the secretary's unopposed motion to stay proceedings pending my disposition of the motions to dismiss. The secretary had alleged that the third-party defendants would suffer hardship if forced to defend this claim in the interim.

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.

■ After the third-party plaintiffs filed a reply brief with attached letters and affidavits, the third-party defendants filed a supplemental brief requesting that their motion to dismiss be considered without reference to materials outside of the pleadings and thus, not be converted to a motion for summary judgment. However, either the pleader or the moving party may bring rule 12's conversion provision into operation by submitting extraneous matters. *Wright & Miller, Federal Practice & Procedure*: Civil § 1366 p. 677 (1969). While I have discretion either to exclude the extraneous materials or convert the motions to dismiss to motions for summary judgments, I note that no judge wishes "to shut his eyes to informative material on file unless there is some good reason in the particular case, such as interminable delays or evasions of a party or the existence of a decisive question of law making further search of the record unnecessary." Clark, *The Summary Judgment*, 36 Minn.L.Rev. 567, 575 (1952).

Since I have decided to consider the affidavits and letters submitted, I must convert the motions to dismiss to motions for summary judgment. *See American Home Assurance Co. v. Cessna Aircraft, Co.*, 551 F.2d 804, 807 (10th Cir. 1977); *Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir. 1977).

■ In ruling on a summary judgment motion, I must construe all pleadings, affidavits, and admissions in favor of the party against whom the motion is made. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when

there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). However, "once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his [pleadings], but must respond with specific facts showing the existence of a genuine factual issue to be tried." *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979) (citations omitted).

## I. BREACH OF FIDUCIARY DUTIES

■ The third-party defendants claim that they are entitled to summary judgment on the third-party plaintiffs' claim of breach of fiduciary duty because the claim is "nebulous," "undefined" and fails to state a claim upon which relief can be granted. However, the third-party plaintiffs state in their complaint and affidavits that the third-party defendants, Blatchley and Nelson, acting as assistant directors of Gingerbread House, occupied a position of trust and breached a duty owed to the company by improperly and even intentionally permitting employees to work overtime and by recording incorrect time entries. Blatchley and Nelson argue that they owed no duty to the third-party plaintiffs because these duties rest solely with the employer. They further argue and state in affidavits, that even if such duties existed, they did not breach them because they did not perform any acts that they were not authorized to perform.

■ Colorado recognizes common law actions for breach of fiduciary duties against directors of companies who have acted with gross negligence or in bad faith. *See Holland v. American Founders Life Ins. Co.*, 151 Colo. 69, 75, 376 P.2d 162, 165–66 (1962); *Great Western United Corp. v. Great Western Producers Cooperative*, 588 P.2d 380, 382 (Colo.App.1978); *Rywalt v. Writer Corp.*, 34 Colo.App. 334, 526 P.2d 316, 317 (1974). While I am unsure of the scope and responsibilities involved in Blatchley's and Nelson's assistant director positions, the materials presented raise a genuine issue of

fact whether these employees had and breached such fiduciary duties.

■ I am unaware, however, of any authority, nor have the third-party plaintiffs cited any, which would permit extension of the fiduciary trust relationship concept and its concomitant responsibilities to permit a cause of action by an employer against a part-time, teenage employee for failing to conform her work schedule within the limits prescribed by the FLSA. Accordingly, the third-party plaintiffs' claim against Barbara Beckwith is dismissed.[2]

The secretary further claims that the FLSA precludes third-party suits by employers that attempt to shift responsibility for compliance with the act to the employees. The secretary cites several cases indicating that an employer may not avoid liability under the act by contracting the act's responsibilities to the employees. *See e.g., Wirtz v. Bledsoe*, 365 F.2d 277 (10th Cir. 1966); *Handler v. Thrasher*, 191 F.2d 120 (10th Cir. 1951). However, the issue before me is not whether the third-party plaintiffs can avoid liability as defendants in the secretary's action, but whether if they are liable in the main action, they can maintain a third-party action against their assistant directors who allegedly, intentionally breached a fiduciary trust relationship with the company. Accordingly, the motion for summary judgment on this ground is denied.[3]

Finally, the secretary and third-party defendants argue that the FLSA precludes employer impleader actions against employees since such actions discriminate against employees who have cooperated with the labor department in bringing suit against the employer. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) provides in relevant part that:

> ... it shall be unlawful for any person(s) to discharge or in any other manner dis-

criminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...

The third-party defendants cite *United Credit Bureau of America Inc. v. N. L. R. B.*, 643 F.2d 1017 (4th Cir. 1981) in support of their argument that the filing of an impleader action against them in the instant case is discriminatory. The *United Credit* case involved interpretation of § 8(a)(4) of the National Labor Relations Act, 29 U.S.C. § 158(a)(4), which contains an analogous provision to the FLSA anti-discrimination clause.

The Fourth Circuit in *United Credit* noted that lawsuits filed by employers against complainant-employees have a potential "chilling effect" on the bringing of such suits by employees. *Id.* at 1023. The Circuit did not maintain, however, that no suit can be sustained by an employer against a complaining employee. *See also Power Systems Inc. v. N. L. R. B.*, 601 F.2d 936, 939 (7th Cir. 1979). In *United Credit*, the Fourth Circuit found substantial evidence that the employer's suit was without merit, in reaching its determination that the employer's action was retaliatory. *Id.* at 1024–25.

In the instant case, the secretary and third-party defendants also contend that the employer's action is without merit and therefore retaliatory. However, since there are genuine issues of fact regarding the merits of the third-party breach of fiduciary duty claims, summary judgment is improper.

## II. HARASSMENT

■ The third-party plaintiffs claim that each of the third-party defendants brought their complaints to the labor de-

---

**2.** The third-party plaintiffs do not include a breach of fiduciary duty claim against third-party defendant Vinnie Tomlin.

**3.** The secretary also claims that the third-party plaintiffs lack standing to implead the employees since only the secretary has standing to

enforce the FLSA. *See Brennan v. Emerald Renovators Inc.*, 410 F.Supp. 1057, 1062 (D.C.S. D.N.Y.1975). However, this argument is inapplicable to the instant case since the impleader action is premised on a state law claim of breach of fiduciary duty and not the FLSA.

partment for the purpose of harassing the third-party plaintiffs. This claim, while phrased in terms of "harassment"[4] is in essence a claim for "malicious prosecution" and it is well settled that:

> [a] claim *in the nature of malicious prosecution*, which arises out of the bringing of the main action, generally cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action.

*Harris v. Steinem*, 571 F.2d 119, 124 (2nd Cir. 1978) citing 3 *Moore's Federal Practice*, ¶ 13.13 at 13–308 (2nd ed. 1974) and *Soloman v. Bruchausen*, 305 F.2d 941, 943 (2nd Cir. 1963) *cert. denied*, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963). This rationale is equally applicable to employers' impleader actions against employees in the nature of malicious prosecution or abuse of process and factually based upon the employees' filing of charges with the department of labor. *United Credit Bureau of America v. N. L. R. B.*, 643 F.2d at 1026. Accordingly, the third-party plaintiffs' harassment claims are dismissed without prejudice to renew after the determination of the secretary's action.[5]

In summary, in accordance with and for the reasons expressed herein, it is hereby

ORDERED that the motions for summary judgment are granted as to all of the third-party claims except the breach of fiduciary duty claims against Blatchley and Nelson. The stay of proceedings is discontinued. The remaining third-party defendants, Blatchley and Nelson, have 15 days to file answers to the third-party complaint.

---

4. For a discussion of the existence of a tort of harassment in Colorado law *see Verner v. State of Colorado*, 533 F.Supp. 1109, at 1119 (D.Colo. 1982).

5. Similarly, the third-party defendants, in addition to moving for summary judgment, request attorney's fees and costs for having to defend the third party claim, apparently on the basis that the third party claims are vexatious and brought in bad faith. Rather than perpetuate an endless cycle of malicious prosecution claims, with each party asserting that the other brought a claim solely for harassment purposes, I decline to consider any such claims until the disposition of the main action.