The INSTITUTE FOR PROFESSIONAL DEVELOPMENT, a California corporation, Plaintiff,

v.

REGIS COLLEGE, a Colorado corporation, Defendant,

v.

The UNIVERSITY OF PHOENIX, an Arizona corporation, Additional defendant on counterclaim.

Civ. A. No. 81–K–2177.

United States District Court, D. Colorado.

April 9, 1982.

---

Jack L. Smith, Constance C. Talmage, Holland & Hart, Denver, Colo., for plaintiff.

A. Thomas Elliott, Jr., Corporate Legal Counsel, Regis College, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action for breach of an agreement to receive educational services provided by the plaintiff. The defendant has filed a counterclaim against the plaintiff, Institute For Professional Development (hereinafter "IPD") and against an additional party, University of Phoenix (hereinafter "Phoenix U."), alleging among other claims that IPD and Phoenix U. made fraudulent misrepresentations to Regis students and faculty that IPD owned copyrights in certain curriculum materials and that IPD and Phoenix U. conspired to file a preliminary injunction action against Regis which was an abuse of process. This matter is now before me on the IPD's and Phoenix U.'s motion to dismiss these two claims pursuant to Rule 12(b)(6), F.R.Civ.P., for failure to state claims upon which relief may be predicated.

For the following reasons, the motion to dismiss is granted in part and denied in part.

### I. FRAUDULENT MISREPRESENTATION

The elements of a cause of action for fraudulent misrepresentation are: 1) A representation; 2) of material facts; 3) that is false; 4) made with knowledge of the falsity or with indifference to its truth or falsity; 5) the party claiming fraud must have relied on the representation; 6) have had a right to have relied on it; and 7) acted in accordance with the reliance; and 8) in doing so suffer damage. *See Zimmerman v. Loose*, 162 Colo. 80, 88, 425 P.2d 803, 807

(1967). In the instant case the movants first claim that Regis had failed properly to allege the fifth element of this cause of action since Regis alleges misrepresentation and reliance by Regis faculty and students, not Regis college. The movants further claim that even if Regis did rely on the misrepresentations, it had no right to rely on them because these representations were made to students and faculty and not to the college. Accordingly, the movants claim that the sixth element of the misrepresentation cause of action is also deficient.

■ The resolution of both of these arguments requires a determination of whether a misrepresentation to students and faculty may be deemed a misrepresentation to the college. First, I note that a misrepresentation, need not in all cases be made to the party seeking recovery to be actionable. *See* 37 C.J.S. § 60, p. 345. It is only necessary that the complainant be within the class of persons who were intended to be influenced. *Accord, Mead and Mount Const. Co. v. Fox Metals Industries Inc.*, 511 P.2d 509, 510 (Colo.App.1973).

In *Fox Metals Industries Inc.*, a sub-sub-contractor overstated work it had done on progress reports submitted to the principal sub-contractor and was consequently paid for more work than had been completed prior to the sub-contractor's bankruptcy. The Colorado Court of Appeals held that these false representations to the third-party sub-contractor could properly form the basis for a fraud and deceit action by the prime contractor where the defendant knew that the prime contractor was ultimately responsible for payment. *Id.*

In the instant case, Regis argues that IPD, in a memorandum directed to Regis students and Faculty, made representations which were not only nominally directed to Regis students and faculty but were obviously intended to be acted on by those agents, employees and students of Regis college by their refraining from the use of curriculum materials allegedly copyrighted by the plaintiff. Since this alleged damage from the misrepresentations is directed at Regis college students and Faculty at Regis college, pertaining to Regis college curriculum, I find that the college itself would have to be within the class intended to be influenced by the alleged misrepresentations.

■ I note further that faculty members are deemed employees and agents of the institution. *See State Board of Agriculture v. Meyers*, 29 Colo.App. 139, 77 P.2d 372, 374 (1904). "Where a fraud is worked upon an agent by a third person, either by misrepresentation or silence, the fraud is considered as worked upon the principal, and the latter has a right of action against the third person therefor." 3 Am.Jur.2d, *Agency* § 289, p. 650.

■ Finally, there is also authority for the proposition that a college, by definition, consists of its trustees, faculty and students. *See Troy Conference Academy and Green Mountain Junior College v. Town of Poultney*, 115 Vt. 480, 66 A.2d 2, 8 (1949); *see also* Webster's Third International Dictionary, p. 445 (1976).

Accordingly, the motion to dismiss the fraudulent misrepresentation claim is denied.

## II. ABUSE OF PROCESS

■ The elements of a cause of action for abuse of process are: 1) an ulterior purpose in the use of judicial proceedings; 2) willful actions in the use of the process which are not proper in the regular course of the proceedings; and 3) resulting damages. *Aztec Sound Corp. v. Western States Leasing Co.*, 32 Colo.App. 248, 510 P.2d 897, 899 (1973). The movants allege that Regis has failed properly to allege any willful or improper actions in the use of the process, as required to satisfy the second element of this cause of action.

Regis's allegations in its counterclaim on this point are as follows:

### SIXTH CLAIM FOR RELIEF

26. The Plaintiff intentionally caused the Summons, Complaint, Motion for Preliminary Injunction, and its Executive

Vice President's Affidavit to be served upon the Defendant.

27. The principal reason for Plaintiff's action was other than to obtain relief for breach of contract and to restrain the Defendant from terminating the Agreement between the parties. It was instead directed at delaying the exercise by the Defendant of rights to terminate the Agreement to which Plaintiff had earlier agreed on April 17, 1979 and to which its principal witness and Executive Vice President, one Dr. Harry O'Donnell testified at the December 29, 1981 hearing on Plaintiff's unsuccessful application for a Motion for Preliminary Injunction.

28. This action of the Plaintiff caused the Defendant damage in an amount which is as of this date not precisely known but which is greatly in excess of the sum of Ten Thousand Dollars ($10,000).

### SEVENTH CLAIM FOR RELIEF

29. Plaintiff conspired with the University of Phoenix, an Arizona corporation, whose principal place of business is in Arizona, to unlawfully accomplish the actions set forth in the claims for relief stated above, and The University of Phoenix has conspired with Plaintiff to deprive Defendant of the rights and advantages which Defendant obtained, or was intended to obtain, by virtue of executing the April 17, 1979 Agreement between Plaintiff and Defendant.

■ The essence of the second element of the abuse of process cause of action is the use of a legal proceeding in an improper manner. *See e.g., Cardy v. Maxwell,* 9 Misc.2d 329, 169 N.Y.S.2d 547 (1957) (Threats to give wide publicity to contents of complaint in order to extort payments from the defendant is an abuse); *Rothbard v. Ringler,* 77 N.Y.S.2d 351 (1947) (Service of process in action for jail commitment due to alimony arrearage, deliberately delayed

until a holiday weekend is an abuse); *Wanzer v. Bright,* 52 Ill. 35 (1869) (Procurement of personal service by fraud or trickery is an abuse); *Sherman v. Dutch,* 16 Ill. 283 (1855) (Service of process at nighttime is an abuse).

"If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." 1 Am.Jur.2d, *Abuse of Process,* § 13 (1962). Further, while the ulterior motive may be inferred from the wrongful use of the process, the wrongful use may not be inferred from the motive. *Pimental v. Houk,* 101 Cal.App.2d 884, 226 P.2d 739, 740 (1951).

■ Since Regis has not alleged an improper use of the process in its counterclaim, its abuse of process claim fails to state a claim upon which relief may be granted.[1] However, in its reply brief, Regis requests the opportunity to prove the misapplication of process through the negotiation process. Accordingly, I grant the motion to dismiss the abuse of process claim without prejudice. Regis may file an amended counterclaim incorporating such additional allegations.

IT IS HEREBY ORDERED that the motion to dismiss is granted in part and denied in part as indicated above.

---

[1] Regis's allegations may have been sufficient to support a claim for malicious prosecution. However, such a claim does not properly accrue until the termination of the complained of proceedings. *See Donovan v. Gingerbread House,* 536 F.Supp. 627, at —— (D.Colo., 1982).