**CONSUMER ELECTRONIC PRODUCTS, INC., Plaintiff,**

v.

**SANYO ELECTRIC, INC., et al., Defendants.**

Civ. A. No. 82–K–2100.

United States District Court,
D. Colorado.

Aug. 17, 1983.

---

Hugh A. Burns, and Phillip S. Figa, Denver, Colo., James F. Pansing, and Arthur F. Pansing, Denver, Colo., for plaintiff.

Andrea I. Williams, and J. Thomas MacDonald, Denver, Colo., Kevin R. Keating, Esq., Whitman & Ransom, New York City, for Sanyo Elec., Inc.

Robert Swanson, Denver, Colo., for all other defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff, Consumer Electronic Products, Inc. (CEPI), has moved to dismiss the counterclaim filed by defendant ESP Co., pursuant to Rule 12(b)(6), F.R.Civ.P.; or in the alternative moved for summary judgment in its favor on the issue presented in the counterclaim. Defendant's counterclaim alleges that an officer of plaintiff's corporation placed a telephone call to Richard Hyde, president of ESP Co.; and, without his permission, had the conversation intercepted and recorded. Defendant further alleges that plaintiff disclosed and used such communication contrary to the terms and provisions of 18 U.S.C. §§ 2510–2520. As a result of the interception and use of this conversation, ESP seeks $100,000 in compensatory damages; and $200,000 in punitive damages because the interception was "willfully, unlawfully and deliberately accomplished under circumstances of malice with intent to commit a tort against ESP Co., Inc., and injure and damage it." (Counterclaim, paragraphs 6 and 7.)

Plaintiff does not dispute that the conversation was recorded, but contends that it was not a violation of the wire intercept statute because the recording was covered by a specific exception to statutorily prohibited conduct.

18 U.S.C. § 2511(1)(a) and (b) generally prohibit the willful interception of any wire or oral communication. Section 2511(2)(d) provides an exception which states:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act.

In addition to general allegations made in the counterclaim, defendant also argues that cases and legislative history show the one-party consent exception applies only where the wiretap is to be used for defensive rather than offensive purposes.

The parties have submitted briefs and other material in support of their positions for both the motion to dismiss and the motion for summary judgment. Because this is a Rule 12(b)(6) motion submitted with matters outside the pleadings presented to and not excluded by the court, the motion shall be treated as one for summary judgment pursuant to Rule 56, F.R.Civ.P. *Donovan v. Gingerbread House, Inc.,* 536 F.Supp. 627 (D.Colo.1982).

Rule 56(c) states that summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(e) continues that after a motion for summary judgment has been properly filed,

an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the instant suit, the counterclaim submitted by defendant does not set forth any facts which support its contention that plaintiff has violated the cited statutes, or does not come within the exception noted in § 2511(2)(d). Mere allegations or conclusory statements are not sufficient to put an issue in dispute.

■ Simply taping a telephone conversation is not a violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520. Plaintiff will fall within the "one- party consent" exception unless ESP can show that the interception was made for the purpose of committing a criminal tortious or other injurious act. The burden of proof is on the party making the allegation.

> To require the government or any other party to prove as a matter of foundation that an interception was made for no criminal, tortious, or other injurious purpose would create an impossible burden of proving three negatives. Logic requires that the party against whom the evidence if offered, [ ], carry the ultimate burden of alleging and proving the specific criminal, tortious, or other injurious purpose for which the interception was made.

*United States v. Phillips,* 540 F.2d 319, 326 (8th Cir.1976). Of course in a motion for summary judgment, the party is not required to prove its allegations, but only present some factual allegations which put the issue in dispute; and which, if true, would meet the burden of proof required. In the instant case, after construing the allegations in the light most favorable to ESP, I still find the record totally devoid of any facts which controvert the facts set forth by plaintiff.

The parties do not dispute that the telephone conversation was tape recorded; that Ken Jeung, President of CEPI, and Richard Hyde, President of ESP, were parties to that conversation; and that Jeung had consented to the taping. Jeung's affidavit states that the purpose for recording the conversation with Hyde was "to get an accurate record of what he had to say in a preserved form." (Aff. p. 2) The conversation was to verify information Jeung had received from other sources and "to keep that verification in permanent form." (Aff. p. 2) Jeung also states in the affidavit that "[t]he recording was solely and directly a result of our being informed of CEPI's termination as a Sanyo dealer due to conduct of Mr. Hyde and ESP Co., Inc. In recording my conversation with Mr. Hyde, neither CEPI nor I had any intent to injure or harm ESP Co., Inc. or Mr. Hyde in any way. Rather, we were trying to acquire evidence of possible wrongdoing committed by Mr. Hyde and ESP Co., Inc. against CEPI. The only intended use of the recording was in connection with contemplated litigation." (Aff. p. 3) In deposition, Jeung also stated "I just wanted to find out what Dick Hyde would have to say about Sanyo and Jack Rowe . . . I just wanted to know verbatim what he said to me on anything I would ask him relative to the Sanyo case." (Dep. p. 12)

ESP never directly challenges plaintiff's stated reasons for recording the conversation as untruthful, and never suggests any alternate reasons or motives which might be considered illegal. ESP apparently bases its counterclaim and argument against summary judgment on the content of Jeung's questions. Defendant contends that

> Jeung's questions were planned in advance and loaded to elicit the responses which Plaintiff may well have been counseled were required for the inclusion of ESP Co. as a party to an already planned lawsuit. In any event, it is the intent with which the wiretap was accomplished that determines its legality. Was it done for offensive or defensive purposes?

(Def. Memorandum in Opposition to Plaintiff's Motion for Summary Judgment or to Dismiss Counterclaim, p. 10)

This effort to sidestep the lack of a factual dispute by characterizing the issue as one of injurious intent, requiring a jury determination, is also unpersuasive. While intent is normally a question for the trier of fact, it is still necessary to raise a factual issue which could conceivably result in more than one outcome. In support of its argument, defendant cites the Tenth Circuit case of *Prochaska v. Marcoux,* 632 F.2d 848, 851 (1980), which states:

> On appeal from an order granting a motion for summary judgment, the record is reviewed in light most favorable to the opposing party. Where different ultimate inferences may properly be drawn, the case is not one for summary judgment, and questions of intent, which involve intangible factors including witness credibility, are matters for consideration of the fact finder after a full trial. (Citations omitted.)

However defendant was either unaware of, or failed to acknowledge the two paragraphs immediately following that explanation which continue:

> Parties like Prochaska, however, cannot rest on mere allegations or denials, but must by affirmative response in affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial.

> Applying these standards, we hold the Court properly granted Marcoux' motion for summary judgment. Nothing within Proschaska's deposition supported his allegation that Marcoux acted in an abusive and malicious manner in derogation of his constitutional rights. Furthermore, nothing within Prochaska's deposition rebuts Marcoux' depositional assertions that he properly cited Prochaska for operating a vessel without proper safety equipment in violation of the laws of Colorado.

Whether plaintiff's intent was for a "defensive" or "offensive" purpose is also without merit under the present circumstances. The distinction arises only from defendant's broad interpretation of a statement made by Senator Hart, while objecting to the overly permissive nature of the statute, before the current language was enacted as § 2511(2)(c) and (d). The statute originally exempted any interception where one of the parties consented. Senator Hart said:

> We propose to prohibit a one party consent tap, except ... for private persons who act in defensive fashion ... [W]henever a private person acts in such situations with an unlawful motive he will violate the criminal provisions of Title III and will also be subject to a civil suit. Such one party consent is also prohibited when the party acts in any way with an intent to injure the other party to the conversation in any other way. For example the secret consensual recording may be made for the purpose of blackmailing the other party, threatening him, or publicly embarrassing him.

114 Cong.Rec. 14694 (May 23, 1968). In a similar statement in support of a more limited exception, Hart argued that without the criminal, tortious, or injurious act language, a party could monitor the communication for "insidious purposes such as blackmail, stealing business secrets, or other criminal or tortious acts in violation of Federal or State laws," 2 U.S.Code Cong. and Ad.News, 90th Cong., 2d Sess., pp. 2112, 2236.

In determining that the district court had properly awarded summary judgment in a case very similar to this one, the Seventh Circuit recently stated that "a desire to make an accurate record of a conversation to which you are a party is a lawful purpose under the statute even if you want to use the recording in evidence." *By-Prod Corp. v. Armen-Berry Co.,* 668 F.2d 956, 959 (7th Cir.1982); citing *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 965–66 (9th Cir.1978). The court then continued by stating:

> And while it is even conceivable that Schiff if he has gotten the admissions he was hoping for would have used the recording to blackmail Armen-Berry rather

than to bolster By-Prod's antitrust suit and that this was his real purpose in making the recording, no evidence of such an intent was presented below—and Armen-Berry had the burden of proving unlawful purpose.

*By-Prod Corp., supra,* at 960.

In the instant case, defendant fails to specify any such insidious or illegal purpose, or any unlawful motive or intent.

The Ninth Circuit realized that the term "injurious act" was somewhat vague but made the following determination:

> While we acknowledge that the term embraces acts not easily classified as either 'criminal' or 'tortious,' we cannot believe that Congress intended it to be read to embrace every act which disadvantages the other party to this communication. Such a reading would nullify the exemption created by § 2511(2)(a)(d). Presumably there is some disadvantage in having any conversation intercepted in the absence of consent of all parties. Congress, we believe, intended to permit one party to record conversation with another when the recorder is acting 'out of a legitimate desire to protect himself.' (Footnote omitted.)

The Eighth Circuit, in *Meredith v. Gavin,* 446 F.2d 794 (8th Cir.1971), after reasoning that 'a perfectly legitimate act may often be injurious,' held that the conduct Congress intended to prohibit was the 'interception by a party to the conversation with an intent to use that interception against the non-consenting party in some harmful way and in a manner in which the offending party had no right to proceed.' *Id.* at 799.

*Moore v. Telfon Communications Corp.,* 589 F.2d 959, 966 (1978). The Ninth Circuit held that "Congress did not intend to prohibit recording a conversation when its purpose was to preserve evidence [of extortion]..." *Moore v. Telfon, supra,* at 966.

The Eighth Circuit also came to a similar conclusion:

> Even were we to concede that the purpose of the recording was to use it for impeachment purposes, ... this would not appear to be a violation of the Act. This use would have been to protect the defendants' position, not to positively harm the plaintiff. Surely it could not be contended that the plaintiff was free to make one statement to the defendant Gavin over the phone, and then to make an entirely different one in the compensation proceedings, without fear of contradiction.

*Meredith v. Gavin, supra,* at 799.

 I find that the purposes stated by Ken Jeung for recording the conversation with Richard Hyde do not constitute criminal, tortious or injurious acts contemplated by congress or the language of this statute.

IT IS ORDERED that the motion for summary judgment is granted in favor of plaintiff, Consumer Electronic Products, Inc. The counterclaim submitted by ESP Co., Inc., is dismissed.