LION SQUARE PHASE II AND III CON-DOMINIUM ASSOCIATION, INC., Plaintiff-Appellant and Cross-Appellee,

v.

HASK, a New Jersey partnership, Arthur Kleimer, and Larry Ast, Defendants-Appellees and Cross-Appellants.

No. 83CA1249.

Colorado Court of Appeals, Div. I.

April 25, 1985.

Tilly & Graves, P.C., David D. Schlachter, Denver, for plaintiff-appellant and cross-appellee.

Fredric B. Butler, Eagle, for defendants-appellees and cross-appellants.

SMITH, Judge.

Lion Square Phase II and III Condominium Association, Inc. (Lion Square) appeals from a judgment of the trial court finding certain condominium assessments *ultra vires*, and from the trial court's denial of Lion Square's request for attorney fees. Defendants, HASK, Arthur Kleimer, and Larry Ast, are all owners of Lion Square condominium units. They cross-appeal the trial court's inclusion of interest on the judgment entered against them for failure to pay certain legal assessments. We affirm the trial court's finding that certain assessments were *ultra vires*, and its inclusion of interest on the judgment against HASK. We reverse the denial of attorney fees and remand for further proceedings.

I.

Lion Square is a member of a joint venture together with two other condominium associations. In 1979, Lion Square's Board of Managers authorized the purchase by this joint venture of certain Lion Square condominium units. The board then levied a special assessment on all Lion Square condominium owners to finance this acquisition and to remodel these units. These units had been previously converted by their original owner into a banquet and catering kitchen. At the same time, Lion Square's Board of Managers levied a special assessment for remodeling a conference room which had been purchased by the joint venture in 1976. The defendant unit owners refused to pay these particular assessments and Lion Square brought this action to foreclose the liens it had placed on these units.

The trial court concluded that these assessments were *ultra vires* because: (1) the purchase of the units altered the other unit owners' undivided interest in the general common elements, and (2) each remaining unit owner's percentage of responsibility for assessments was changed without compliance with the condominium declaration. We concur with the trial court that these conclusions require that the ques-

tioned assessments be disallowed as *ultra vires*.

Section 13.1 of the Condominium Declaration provides as follows:

"[The] undivided interest in the general common elements pertinent to each unit as expressed in this Declaration, shall have a permanent character and shall not be altered without the consent of all condominium unit owners as expressed in the duly recorded amendment to this Declaration."

Section 14.1 of the condominium declaration provides that "the assessments shall be made pro rata according to each owner's percentage interest in the general common elements."

It was undisputed at trial that the units purchased were treated as general common elements and that the consent of all owners was not obtained nor was the condominium declaration amended to permit the purchase of the units. It was also established that, following the joint venture's purchase of the conference and kitchen units, the remaining unit owner's assessments were calculated at a higher percentage rate.

Lion Square now argues that, although the acquired areas were treated as general common elements, in fact their original nature as individual units and limited common areas was not changed. Accordingly, Lion Square asserts that the increased assessments were merely each unit owner's original assessment plus their percentage share of the assessments for the purchased units.

■ The position of Lion Square is without merit. The result of its actions was to effectively decrease the number of owners as well as to increase the general common elements, thereby altering the percentage assessment liability of each unit owner without compliance with the amendment procedures specified in its declaration. A condominium association may exercise its powers only within the constraints of its condominium declaration and bylaws. *See Rywalt v. Writer Corp.*, 34 Colo.App. 334, 526 P.2d 316 (1974). Because Lion Square's actions were not in accordance with the governing condominium declaration, the questioned assessments were *ultra vires*.

## II.

■ Lion Square also contends that it should have been awarded attorney fees. We hold that it was error for the trial court to deny recovery of the fees without having made findings and conclusions justifying such denial.

The trial court found that certain of the assessments, other than those disallowed as *ultra vires*, were enforceable and were unpaid. Judgments in favor of Lion Square were entered in those amounts. The Condominium Declaration provides that Lion Square is entitled to recovery of its reasonable attorney fees and costs in any action brought to foreclose liens for nonpayment of assessments. A statement reflecting legal fees incurred was admitted into evidence and testimony was presented regarding the reasonableness of these fees. It was thus error for the trial court to deny recovery of attorney fees absent findings and conclusions justifying such denial. *Telluride Lodge Ass'n v. Zoline* (Colo.App. No. 83CA0999, January 10, 1985).

## III.

■ HASK contends on cross-appeal that the trial court erred in its award of interest to Lion Square. We disagree.

Prior to the litigation, but after Lion Square had recorded liens, HASK tendered to Lion Square a check in the amount of $4,071.02. This check had a restrictive endorsement stating, "Endorsement below constitutes release of any and all liens against Lion Square Lodge Unit 753–4–5 and ceases any foreclosure proceedings." Lion Square returned this check to HASK. A judgment in a greater amount than the check was ultimately entered against HASK. HASK now argues that the judgment entered against it should not include interest on the amount of the check. This argument is without merit.

Tender is not effective to relieve a party of interest accruing after the tender when it is in an amount less than a creditor claims is due and it has a restrictive endorsement rendering its acceptance an admission that no greater amount is due. *Butler v. Hinckley*, 17 Colo. 523, 30 P. 250 (1892). The check thus merely constituted an offer of an accord and satisfaction. The trial court was correct in its calculation of interest in the judgment entered against HASK.

The judgment of the trial court is affirmed except for its denial of Lion Square's claim for attorney fees and the cause is remanded for further proceedings on that issue consistent herewith.

PIERCE and BABCOCK, JJ., concur.