## Catherine W. GRIFFIN

v.

## MEDTRONIC, INC.

### Civ. No. S 93–60.

United States District Court,
D. Maryland.

Jan. 11, 1994.

Jerome J. Seidenman, Kristen A. Brinster, Seidenman, Sutherland & Lynn, PA, Baltimore, MD, Carol A. Husum, Kalamazoo, MI, for plaintiff.

Benjamin R. Goertemiller, Howell, Gately, Whitney & Carter, Towson, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a products liability case, asserting numerous state-law based tort claims for injuries allegedly caused by defendant's implantable pulse generators and cardiac leads, commonly known together as "pacemakers." Both pacemakers allegedly failed after their sequential implantation in plaintiff, certain parts of the leads allegedly proved unremovable, and, it is also alleged, the consequences of these failed implantations have prevented plaintiff from properly employing her latest pacemaker to its fullest designed extent. The defendant now moves for summary judgment on the ground that plaintiff's claims are pre-empted by the so-called Medical Device Amendments of 1976 ("MDA") to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 321 et seq., particularly 21 U.S.C. § 360k. The plaintiff opposes summary judgment. No oral hearing is needed. Local Rule 105.6, D.Md.

This summary judgment motion presents only an issue of law, there being no facts material to the pre-emption question in dispute. Thus, defendant may prevail only in the event it demonstrates a clear entitlement to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c).

■ There is no question that the alleged injuries in this case are attributed to Class III Medical Devices, regulated under the MDA. Upon consideration, this Court has decided to follow the decisions of the First and Fifth Circuits, both of which have very recently addressed the question squarely presented in this case, *viz.*, whether the MDA pre-empts state-law based causes of action in product liability cases involving regulated devices. Both circuits have said that such claims are pre-empted. *See Stamps v. Collagen Corp.*, 984 F.2d 1416 (5th Cir.1993); *King v. Collagen Corp.*, 983 F.2d 1130 (1st Cir.1993). It would serve no useful purpose for this Court to re-hash the thorough analyses of those Circuits here.

Plaintiff's attempts to distinguish these cases are unconvincing. Both cases took full account of the Supreme Court's latest pronouncements on federal pre-emption. Both squarely dealt with the cardinal issue in this case. Neither is inconsistent with prior case law in this Circuit or District, *viz.*, *Abbot v. The American Cyanamid Co.*, 844 F.2d 1108 (4th Cir.1988), and *Callan v. G.D. Searle & Co.*, 709 F.Supp. 662 (D.Md.1989), in that those cases did not involve devices, but, rather, drugs. Both of those cases were decided before the Supreme Court's decision in the seminal case of *Cipollone v. Liggett Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), which especially calls into question the continued reliability of the discussion in *Callan* concerning § 360k.

■ Finally, plaintiff argues that, even if pre-emption were to be found by the Court, it should not extend to her fraud claim. To the extent that her claim mirrors the one discussed in *King*, 983 F.2d at 1139–40, this Court rejects it, for the same reasons as did the *King* court. To the extent that plaintiff makes the claim that defendant's fraud on the medical community, including prescribing doctors, entitles her to proceed, and ultimately to relief, she is barred by Maryland's requirement that fraudulent misrepresentations must be made to the plaintiff who is claiming injury from her reliance on those representations, not to third parties. Such was the flat holding of *Parlette v. Parlette*, 88 Md.App. 628, 635, 596 A.2d 665 (1991) (opinion by Diana Motz, J.), which appears to be the only Maryland authority on point. Even

in jurisdictions following a broader rule as to the class of potential fraud plaintiffs, *see, e.g., Institute for Professional Dev. v. Regis College,* 536 F.Supp. 632, 634 (D.Colo.1982), the rule is that the plaintiff must be within the targeted class, *i.e.,* those "intended to be influenced." Here, there is no allegation that defendant's fraud was targeted at consumers, as was the case in *Cipollone,* but, rather at the FDA and the medical community. In any case, patients were not themselves targeted, as they obviously do not choose a particular prescription medical device such as a pacemaker, based on manufacturers' representations or otherwise. Thus, under Maryland law as recited in *Parlette,* there is simply no fraud claim that survives pre-emption.

For the stated reason, an order will be entered granting summary judgment to the defendant.

*JUDGMENT ORDER*

For the reasons stated by the Court in a Memorandum Opinion entered herein this date, it is, by the Court, this 11th day of January, 1994, ORDERED and AD-JUDGED:

1. That the defendant's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, ENTERED for the defendant, against the plaintiff, with costs; and

3. That the Clerk mail copies hereof and of the foregoing Memorandum Opinion to counsel.