Brett STRONG and Lauri
Strong, Plaintiffs,

v.

TELECTRONICS PACING SYSTEMS,
INC., a foreign corporation, and Thomas
S. Martin, jointly and severally, Defen-
dants.

No. 1:94–CV–11.

United States District Court,
W.D. Michigan,
Southern Division.

Sept. 22, 1994.

Franklin John Chambers, Daniel C.
Brown, Angela J. Nicita, Chambers Steiner,
PC, Kalamazoo, MI, for plaintiffs.

Robert D. Vander Laan, Schenk Boncher
& Prasher, Gary E. Mitchell, Miller, Can-

field, Paddock & Stone, Grand Rapids, MI, for defendants.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

This case presents four claims growing out of injury caused by a malfunctioning pacemaker. The pacemaker had been surgically implanted in plaintiff Brett Strong on July 16, 1992 and was removed on February 16, 1993. During this period, Mr. Strong experienced inconsistent and inappropriate heart rates, allegedly resulting in lost wages, additional medical expenses, pain and suffering, and anxiety. In count I of the complaint, he alleges defendant Telectronics Pacing Systems, Inc. ("Telectronics"), is liable for having negligently manufactured the pacemaker. In counts II and III, he alleges defendant Thomas S. Martin, an employee or agent of Telectronics, negligently evaluated the pacemaker's functioning and negligently misrepresented that it was functioning properly. Count IV contains the claim of Mr. Strong's wife, Lauri Strong, for loss of consortium.

The complaint was originally filed in the Kent County Circuit Court. Defendants removed the action to this Court primarily for the reason that plaintiffs' negligent manufacture claim asserts a wrong remediable exclusively under federal law. Now before the Court are plaintiff's motion to remand and defendants' motion to dismiss and for summary judgment.

## I. PLAINTIFFS' MOTION TO REMAND

■ Normally, a cause of action arises under federal law only when a plaintiff's well-pleaded complaint raises issues under federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95

L.Ed.2d 55 (1987). Count I of the complaint does not expressly state a claim arising under federal law. Defendants correctly assert, however, that where Congress has so thoroughly occupied a legislative field as to leave no additional room for the states to regulate, any claim arising in the field is necessarily federal in character. *Id.*, at 63–64, 107 S.Ct. at 1546–47.

■ The subject Telectronics pacemaker is a Class III Medical Device regulated under the Medical Device Amendments ("MDA") to the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 321 *et seq.* The MDA contains an express preemption provision, 21 U.S.C. § 360k(a),[1] which has been consistently construed as preempting state law product liability claims involving the safety or effectiveness of Class III devices. *Mendes v. Medtronic, Inc.*, 18 F.3d 13 (1st Cir.1994); *Stamps v. Collagen Corp.*, 984 F.2d 1416 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993); *King v. Collagen Corp.*, 983 F.2d 1130 (1st Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993); *Brown v. Medtronic, Inc.*, 852 F.Supp. 717 (S.D.Ind.1994); *Bravman v. Baxter Healthcare Corp.*, 842 F.Supp. 747 (S.D.N.Y.1994); *Griffin v. Medtronic, Inc.*, 840 F.Supp. 396 (D.Md.1994); *Kemp v. Pfizer, Inc.*, 835 F.Supp. 1015 (E.D.Mich.1993). In fact, two of the cited cases specifically held that claims for defectively manufactured pacemakers are preempted. *Mendes, supra; Griffin, supra.*

■ Plaintiffs have presented no persuasive reason to depart from the rule established by these authorities. They argue the defective manufacture claim may be characterized as alleging the pacemaker was an "adulterated device," a claim exempt from preemption under 21 C.F.R. § 808.1(d)(6)(ii).[2]

---

1. Section 360k(a) provides in pertinent part:

   [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

   (1) which is different from, or in addition to, any requirement applicable under [the Federal Food, Drug, and Cosmetic Act] to the device, and

   (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under [the Federal Food, Drug, and Cosmetic Act].

2. Section 808.1(d)(6)(ii) provides in pertinent part: "Generally [21 U.S.C. § 360k] does not preempt a State or local requirement prohibiting

Even assuming a defectively manufactured pacemaker may be deemed an "adulterated device," as defined at 21 U.S.C. § 351(h),[3] plaintiffs have failed to show that a violation of the MDA "good manufacturing practice requirements" prescribed at 21 U.S.C. § 360j(f)(1),[4] rendering the pacemaker adulterated, is actionable under Michigan law. They have not done so because they cannot do so. "Violations of the FDCA do not create private rights of action." *Gile v. Optical Radiation Corp.*, 22 F.3d 540, 544 (3rd Cir. 1994). "Only the government has a right to take action with respect to adulterated products." *Id.* Thus, to characterize a defective manufacture claim as an "adulterated device" claim does not avoid preemption. *Id.*

The state law claim contained in count I of the complaint relates to the safety or effectiveness of a medical device subject to regulation under the MDA. The claim is preempted by the MDA. As such, the claim presents a question of federal law, establishing federal court jurisdiction. 28 U.S.C. § 1331. Removal was therefore proper under 28 U.S.C. § 1441(a) and plaintiffs' motion for remand must be denied.

## II. DEFENDANT TELECTRONICS' MOTION TO DISMISS

The above analysis is also dispositive of defendant Telectronics' motion to dismiss under Fed.R.Civ.P. 12(b)(6). Because plaintiffs' count I state law tort claim arises in a field of regulation completely occupied by the MDA, and because allowing plaintiffs to prosecute their claim would have the effect of permitting enforcement of a requirement relating to the safety or effectiveness of the pacemaker—a requirement different from and in addition to those applicable under the

the manufacture of adulterated or misbranded devices."

3. Section 351(h) provides in pertinent part:

"A drug or device shall be deemed to be adulterated if it is a device and the methods used in, or the facilities or controls used for, its manufacture, packing, storage, or installation are not in conformity with applicable requirements under section 360j(f)(1) of this title...."

4. Section 360j(f)(1) provides in pertinent part:

MDA—it is preempted pursuant to 21 U.S.C. § 360k(a) and must be dismissed.

## III. DEFENDANT MARTIN'S MOTION FOR SUMMARY JUDGMENT

■ Defendant Martin moves for summary judgment under Fed.R.Civ.P. 56 contending there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. The motion is made on the strength of Mr. Martin's own affidavit, indicating that when he monitored the Telectronics pacemaker implanted in Brett Strong, it was operating correctly and that he made only accurate representations about its functioning.

The standards governing the motion are well established. They are well summarized by the Sixth Circuit in *Mitchell v. Toledo Hospital*, 964 F.2d 577, 581–82 (6th Cir.1992), and need not be reiterated here.

Plaintiffs have presented no evidence rebutting defendant Martin's affidavit. They contend they have had no opportunity to develop such evidence as discovery has been held in abeyance pending resolution of the instant motions.

Indeed, defendant's motion, brought before plaintiffs have had a reasonable opportunity to conduct discovery, is premature. See *id.*, at 582; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989). The motion must be denied, without prejudice.

## IV. REMAND TO STATE COURT

■ The above rulings establish (1) that the legitimate basis for federal subject matter jurisdiction, upon which the action was properly removed to this Court, has been extinguished; and (2) that further proceedings are required to resolve the state law

The Secretary may, ... prescribe regulations requiring that the methods used in, and the facilities and controls used for, the manufacture, pre-production design validation (including a process to access the performance of a device but not including an evaluation of the safety or effectiveness of the device), packing, storage, and installation of a device conform to current good manufacturing practice, as prescribed in such regulations, to assure that the device will be safe and effective and otherwise in compliance with this chapter.

claims presented in counts II, III and IV. Under these circumstances, the Court, in the exercise of its discretion, declines to exercise continuing supplemental jurisdiction over the surviving state law claims. See 28 U.S.C. § 1367(c)(3); *Landefeld v. Marion General Hospital, Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, the pendent state law claims will be remanded to the Kent County Circuit Court for further proceedings.

An order consistent with this opinion shall issue forthwith.