### PORTER v. POINDEXTER.

### POINDEXTER v. PORTER.

Nos. 3361, 3368.

Circuit Court of Appeals, Tenth Circuit.
Jan. 29, 1947.

Rehearing Denied March 3, 1947.

R. M. Mountcastle, of Muskagee, Okl., for appellant and cross-appellee.

Jno. W. Porter, Jr., of Muskogee, Okl. (John W. Porter, of Muskogee, Okl., on the brief), for appellee and cross-appellant.

Before PHILLIPS and MURRAH, Circuit Judges, and CHANDLER, District Judge.

CHANDLER, District Judge.

J. L. Poindexter brought this action against his employer, Ralph W. Porter, Trustee, to recover overtime compensation, liquidated damages and attorney's fees, under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

He alleged that both parties were residents of Muskogee County, Oklahoma; that defendant was engaged in the business of transporting freight for hire in interstate commerce; that he was employed as a freight checker and collector of defendant's local accounts; that in the performance of said duties he worked 68½ hours as a freight checker and 7 hours as bill collector during each week from December 14, 1941, to and including that portion of the calendar week ending December 30, 1943, except the weeks of June 6th and 13th, 1943, at the regular hourly rate of pay of 55 cents per hour, for which services defendant paid him for each of said weeks the sum of $29.70 and that there is a balance due him for overtime compensation of $3,059.92; that he worked the same number of hours per week in the same capacities from January 2, 1944, to June 30, 1944, except the weeks of May 7th and 14th, 1944, at the regular hourly rate of pay of 60 cents per hour and was paid therefor $32.40 per week and that there is a balance due him for overtime compensation of $795.60.

The defendant answered, denying the jurisdiction of the court upon the ground that the parties were not residents and citizens of different states and because the employee bringing the action was disclosed by the petition to be within the exemption specifically provided by law in both the Motor Carrier Act, 49 U.S.C.A. § 304, and the Fair Labor Standards Act. Defendant also expressly denied that the plaintiff worked the number of hours per week alleged in the complaint, and alleged that the plaintiff was engaged in loading or supervising the loading of trucks, and that it was his job to see that they were safely and properly loaded.

When the case was called for trial plaintiff offered evidence as to the character of the duties which he performed and the number of hours worked. At the conclusion of the evidence the defendant moved for dismissal for two reasons: (1) that the court had no jurisdiction, and (2) that the estimate of the time worked was based upon speculation, guess and conjecture.

The motion to dismiss was overruled and the defendant offered no evidence. The court found from the evidence and the undenied allegations of the complaint that the parties were both residents of Muskogee County, Oklahoma; that defendant was engaged in the business of transporting

freight in interstate commerce; that the plaintiff was defendant's employee and worked 104 5/7 weeks from December 14, 1941, to December 30, 1943, and 23 6/7 weeks from January 2, 1944, to June 30, 1944; that each of said weeks he worked 7 hours collecting accounts and 68½ hours checking freight, making a total of 75½ hours per week; that he was paid $29.70 per week for 104 5/7 weeks and $32.40 per week for 23 6/7 weeks; that he was a checker of freight, and that no substantial part of his activities related directly to the safety of operation of motor vehicles. Although the alleged hourly rate of pay was undenied by the pleadings, the court found from the evidence that the contract rate of pay was $29.70 and $32.40 per week.

The court concluded as a matter of law that the court had jurisdiction; that the plaintiff was not exempt from the provisions of the Fair Labor Standards Act, and that the hourly rate of pay must be determined by dividing the weekly wage by the total number of hours worked, resulting in an hourly rate of 39½ cents for 104 5/7 weeks and 43 cents for 23 6/7 weeks. The unpaid overtime compensation was computed to be $913.65 and judgment was entered for $913.65 overtime compensation, $913.65 unliquidated damages and $250.00 attorney's fees.

The matter comes before this court on the appeal of the defendant and the cross-appeal of the plaintiff. Both cases are considered together.

■ There is no merit in the contention that the court was without jurisdiction. The suit was predicated on the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Section 213(b) of the Act provides that the overtime provisions of the Act "shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 304 of Title 49." Section 304 of Title 49 provides that "It shall be the duty of the Commission—(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment."

The Supreme Court in United States v. American Trucking Association, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, has construed the word "employees" as used in the Motor Carrier Act to include only employees whose duties affect the safety of operation. Whether Poindexter had the title of checker or loader or some other title is immaterial. His status is determined by the actual duties performed. There was ample evidence to sustain the finding of the court that no substantial part of the employee's activities related directly to the safety of operation of motor vehicles. Therefore, he does not fall within the exemption of Section 213(b) of the Act.

■ The evidence sustains the court's findings as to the number of hours worked. The employee testified that he worked from 7 o'clock in the evening until 5 o'clock in the morning, with the exception of Saturdays and Sundays when he left work at 6 o'clock, and that he worked seven additional hours each week collecting accounts.

The employer's objection to the sufficiency of this evidence is fully answered in Anderson v. Mt. Clemens Pottery Co., 66 S.Ct. 1187, 1192, 90 L.Ed. ——, wherein the court said: "Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

"* * * In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. * * *

"The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act."

█ Despite the undenied allegations as to hourly rates of pay, the reasonable inference to be drawn from the evidence is that Poindexter was employed at the weekly rates of pay which he received and not at the alleged hourly rates. The court did not err in so holding and properly applied the well established formula laid down in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682, in computing the hourly rates of pay.

The judgment of the trial court is affirmed.