### HANDLER v. THRASHER.
No. 4250.

United States Court of Appeals
Tenth Circuit.
June 27, 1951.

Malcolm E. Rosser, Muskogee, Okl., for appellant.

O. C. Lassiter and A. D. Mason, Tulsa, Okl., for appellee.

Before PHILLIPS, Chief Judge and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the District Court of the Eastern District of Oklahoma, awarding appellee compensation for overtime hours worked for appellant as an oil field pumper, in excess of the statutory forty hours per week, with statutory penalties and attorney fees. Sections 6, 7 and 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U. S.C.A. §§ 206, 207 and 216. The sole question presented is whether appellee worked any hours during his employment in excess of the statutory forty-hour week, for which he would be entitled to overtime compensation, and if so, how many.

The evidence shows without dispute that appellee was employed by appellant as a pumper on a 160 acre oil and gas lease situated in Okmulgee County, Oklahoma, from September 19, 1948 to September 18, 1949, From September, 1948 to May, 1949, appellee worked under an oral agreement for $140 per month. He lived in a house on the lease, for which he paid $20.00 per month. In May, 1949, the parties entered into a written agreement providing in material part for $150 monthly salary and $20 per month rent to be deducted therefrom; and also providing that appellant would at all times direct the manner of the work which appellee would perform, and would assign him such work as he deemed necessary. It was provided that no overtime work should be performed on the lease without the direction of the appellant, and that no compensation would be paid for the overtime work unless the appellee furnished a statement therefor to the appellant at the end of each month; and that in the

event unauthorized compensation was claimed, it would not be paid. The appellee worked under this contract, without claiming overtime compensation, until he was discharged about September 18, 1949.

Appellee's duties required him to pump the wells on the lease, and do whatever was necessary to perform those · duties, unless it was necessary to obtain additional help in case of a breakdown or other emergency. Neither party kept any record of the hours worked by appellee each day or week, but the wells were pumped seven days a week, and appellee testified that he began work about seven o'clock each morning; and that in addition to performing the regular duties incident to pumping the wells, it became his duty from time to time to make necessary repairs at night in order to keep the wells pumping.

From the testimony, the court thought it doubtful whether the appellee was engaged in actual physical labor continuously throughout the day. But it was of the opinion that he was expected to keep the wells pumping, and in order to do so, it was necessary for him to be on duty and to do whatever was necessary to accomplish the task for which he was employed. While the court rejected as too indefinite appellee's claim that he worked in excess of eight hours a day, it · did specifically find that he worked eight hours per day, seven days a week, or fifty-six hours, and that there was · no change in his method of working after the execution of the written contract. The court concluded that he was entitled to overtime pay for sixteen hours a week, based upon his regular hourly rate, arrived at by dividing the monthly salary by a forty-hour week, or a total of $244.10, plus an equal sum as liquidated damages. Judgment, was entered accordingly.

Appellant contends, first, that the evidence does not support the · trial court's findings to the effect that he worked fifty-six hours a week; and second, since appellee did not furnish statements of overtime worked as required under the written contract, he is now estopped to assert it in this action.

It is incumbent upon the employee to show by a fair preponderance of the evidence not only that he worked in excess of the statutory work week, but the actual number of hours worked in excess thereof. But, where he proves that he has in fact performed work for which he has not been compensated, and produces evidence to show the amount and extent of that work, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed, or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award compensation to the appellee, even though the result be only approximate. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Joseph v. Ray, 10 Cir., 139 F.2d 409; George Lawley & Son Corp. v. South, 1 Cir., 140 F.2d 439, 151 A.L.R. 1081; Porter v. Poindexter, 10 Cir., 158 F.2d 759; De Pasquale v. Williams-Bauer Corp., 2 Cir., 151 F.2d 578; Pioneer Corp. v. Kimsey, 196 Okl. 89, 162 P.2d 1000.

By the very nature of appellee's employment, and under the terms of his employment contract, he was required to do whatever work necessary to pump the wells, and the performance of this work required him to be on duty varying hours for seven days a week. It is settled that "Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case." Armour & Co. v. Wantock, 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118. "Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged. * * * 'Hours worked are not limited to the time spent in active labor but include time given by the employee to the employer.'" Skidmore v. Swift & Co., 323 U.S. 134, 137, 138, 65 S.Ct. 161, 163, 89 L.Ed.

124. There is no fixed formula for the determination of overtime compensation, each case must rest upon its own facts. Bowers v. Remington Rand, Inc., 7 Cir., 159 F.2d 114; Bell v. Porter, 7 Cir., 159 F.2d 117. From the whole record, we think the court was justified in finding that the appellee did work, or was required to be on compensable duty, at least eight hours per day. This is a realistic treatment of the nature of the employment, and well within the conflicting proof.

It is true, as appellant suggests, that the employee agreed not to work more than eight hours a day, or to claim compensation in excess of forty hours a week. But it is too well settled to admit of discussion that a contract which has for its purpose, or which has the effect of circumventing or invading the command of the Wage and Hour Act, is invalid and unenforceable. See Johnson v. Dierks Lumber & Coal Co., 8 Cir., 130 F.2d 115; United States ex rel. Johnson v. Morley Construction Co., 2 Cir., 98 F.2d 781; Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622; Wilson Oil Co. v. Hardy, 49 N. M. 337, 164 P.2d 209, 162 A.L.R. 292; Simmons v. Rudolph Knitting Mills, Sup., 37 N.Y.S.2d 422. Here, the employee was directed to perform certain duties incident to the pumping of the wells, and the employer knew that he was on duty seven days per week. He well knew the nature of the work his employee was required to and did perform. If, as the trial court found, the employee worked more than eight hours a day, the employer knew it, and he also knew that he was working seven days per week, because he was on the lease almost daily. This case is not unlike Kappler v. Republic Pictures Corp., D.C., 59 F.Supp. 112, where the contract forbade the employees from working overtime without the approval of the executives, but where the employee nevertheless worked overtime with the knowledge, consent and cooperation of the employer. See also Pioneer Corp. v. Kimsey, supra; Johnson v. Dierks Lumber & Coal Co., supra; Wilson Oil Co. v. Hardy, supra. If the contract of employment is unenforceable, the appellee cannot be estopped by its provisions. De Pasquale v. Williams-Bauer Corp., supra; George Lawley & Son Corp. v. South, supra.

The court awarded $250 attorney fees, and the appellee has made application for additional attorney fees, based upon services rendered incident to this appeal. But in view of the amount of the judgment and penalties, and in view of the fact that no appearance was made in this court, we think that the attorney fees awarded are reasonable and adequate.

The judgment is affirmed.