James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

Joe P. CALDWELL, Appellee.

No. 5599.

United States Court of Appeals
Tenth Circuit.

Oct. 26, 1957.

Eugene R. Jackson, Atty., U. S. Dept. of Labor, Washington, D. C. (Stuart Rothman, Sol., Bessie Margolin, Asst. Sol., Sylvia S. Ellison, Atty., Washington, D. C., and Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., on the brief), for appellant.

John Barksdale, Okmulgee, Okl. (D. F. Rainey, Okmulgee, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

Pursuant to the authority vested in him by the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201 et seq., the Secretary of Labor instituted this action against Joe P. Caldwell, engaged in business under the trade name Caldwell Enterprises, to recover for T. R. Harwell overtime pay in the amount of $1,203.50 alleged to be due under the act. The court found among other things that the defendant was engaged in the production of crude oil on leases in Oklahoma; that substantially all of the oil was regularly sold and delivered in commerce to points outside of Oklahoma; that Harwell was employed by the defendant for the period commencing January 1, 1954, and ending March 1, 1955; that his duties included operating, maintaining, and repairing the pumps, engines, tanks, pipe lines, and other equipment utilized in the production of the crude oil; that he was paid at the rate of $325 per month; that he was never paid any overtime compensation; that the defendant did not keep detailed records of the working hours of Harwell; that such failure was due to defendant's erroneous conception that Harwell was employed in an executive capacity within the meaning of the act; and that the fragmentary records kept by Harwell and other introduced evidence implied that Harwell worked some in excess of forty hours per week but did not establish the extent and amount of such overtime as a matter of just and reasonable inference. Concluding as a matter of law that the employee failed to discharge the burden of proof, judgment was entered for the defendant; and the Secretary of Labor appealed.

■■ The principal attack upon the judgment is that the court erred in holding that appellant failed to sustain the burden of proof resting upon him. It was clearly implied in the findings of the court that Harwell worked some in excess of forty hours per week. The crucial finding upon which the case turned was that the evidence failed to establish with the required degree of certainty the amount of such overtime

work. In a case of this kind to recover overtime pay under the Fair Labor Standards Act, the burden rests upon the employee to show that he performed overtime work for which he was not properly compensated and to show the extent and amount of such work as a matter of just and reasonable inference. When the employee proves that he did in fact perform overtime work for which he was not properly compensated and produces sufficient evidence to show the extent and amount of such work as a matter of just and reasonable inference, the burden shifts to the employer to come forward with evidence of the precise amount of the work performed or with evidence to negate the reasonableness of the inference to be drawn from the evidence of the employee. And if the employer fails to produce such evidence, it is the duty of the court to enter judgment for the employee, even though the amount be only a reasonable approximation. Anderson v. Mount Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Porter v. Poindexter, 10 Cir., 158 F.2d 759; Handler v. Thrasher, 10 Cir., 191 F.2d 120.

■ Coming to the evidence and viewing its sufficiency in the light of the general rule previously referred to, the defendant owned about fifteen leases scattered over a wide area. It required approximately three hundred miles of travel to make a complete tour of them. Harwell was responsible for checking, operating, maintaining, and repairing the wells and equipment on the several leases; and in order to perform his duties, it was necessary that he travel considerable distances. Harwell testified that he worked regularly seven days a week; that he usually went to work about 8:00 o'clock in the morning; that he usually worked until 5:00 or 6:00 o'clock in the afternoon, with only a half an hour off for lunch which he sometimes ate while traveling between leases; that he worked until the job was done which sometimes took more than nine hours and as much as twelve hours; that on November 16, 1954, he began making and keeping a

daily record of the hours worked; that he continued to make and keep such record until his employment terminated; that the general pattern of hours worked was substantially the same before and after he began making and keeping the record; that for about thirty days during the period of employment, he worked as a driller on one of the leases; and that while so working, he ordinarily left the rig at about 9:00 o'clock at night, sometimes later. Perry Chambers testified that for a period covering about three months, he worked with Harwell from time to time; that they usually went to work at 8:00 o'clock in the morning; that they worked until the job was finished; and that they sometimes finished in eight or nine hours, and sometimes longer. The daily record made and kept by Harwell beginning November 16, 1954, and continuing until the termination of his employment was introduced in evidence. It disclosed a continuing pattern of overtime work from week to week; and it furnished a basis for ascertaining by mathematical calculation the average amount of overtime worked per week. Harwell admitted that he went to a certain hotel in Okmulgee, Oklahoma, from time to time, usually for food or coffee, and sometimes to place or receive telephone calls. And he admitted other short absences from work but these were incidental in the overall picture. We think the evidence in its totality was sufficient to make a prima facie case for the employee. Porter v. Poindexter, supra; Handler v. Thrasher, supra. Upon the making of such prima facie case, the burden shifted to the defendant to show the precise amount of work performed by Harwell or to negate the reasonableness of the inference fairly to be drawn from the evidence adduced in his behalf. The defendant kept no records relating to the exact time which Harwell worked. The defendant testified in his own behalf, but he did not claim to have personal knowledge of the time which Harwell devoted to his job. His testimony was sketchy and related only to circumstances from which an inference might be drawn that Harwell did not work overtime. We think the evidence as a whole was sufficient to discharge the burden resting upon plaintiff and that judgment should have been entered for the overtime actually worked, even though the amount thereof was merely a reasonable approximation.

A relatively subsidiary contention urged for reversal of the judgment is that the court erred in finding that Harwell's employment was terminated on or before March 1, 1955. The finding is challenged upon the ground that the evidence clearly established that the employment continued until March 18. The evidence discloses without dispute that some time during the latter part of the period of employment the defendant told Harwell and the secretary of the defendant that he was financially unable to guarantee their salaries any further and would have to let them go but that they could have two weeks with pay. Harwell testified that the conversation occurred about March 15 and that he worked until March 18. The daily record kept by Harwell showed that he worked to and including March 18; and the record further disclosed that the work done on the last day consisted of checking leases with the defendant. The defendant testified that the conversation took place around February 15. But he further testified that he did not pay much attention to whether Harwell and the secretary worked beyond the two-week period, and that he did not know whether Harwell worked beyond such period. We think the evidence showed affirmatively that Harwell worked until March 18.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.