James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AGRICULTURAL ALUMINUM PRODUCTS, Inc., a corporation, and Gideon Company, Inc., a corporation, Defendants.

Civ. A. No. 2143.

United States District Court
W. D. South Carolina,
Spartanburg, Division.
April 25, 1958.

Beverley R. Worrell, Regional Attorney, U. S. Department of Labor, Birmingham, Ala., M. J. Parmenter, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Jack L. Bloom, Greenville, S. C., for defendants.

WYCHE, Chief Judge.

Plaintiff brought this action to recover unpaid overtime compensation due Billy V. Clark, former employee of defendant, under the provisions of the Fair Labor Standards Act of 1938, U.S.C.A. Title 29, § 201 et seq., hereinafter referred to as the Act.

The Complaint and Answer having been filed and the plaintiff and defendant having appeared by counsel, and the court after disposing of two motions pending in this cause, sustaining plaintiff's motion to dismiss defendant, Architectural Aluminum Products, Inc.'s counterclaim and sustaining defendant, Gideon Company, Inc.'s motion to dismiss the suit as to it on the ground that it was not an employer of Clark, and having heard this cause and having considered the evidence, the court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

(1) This action was brought by James P. Mitchell, Secretary of Labor, United States Department of Labor, to recover from the defendant unpaid overtime compensation due to Billy V. Clark under the provisions of the Fair Labor Standards Act.

(2) Billy V. Clark, prior to the institution of this action, filed a written request with the Secretary of Labor, United States Department of Labor, claiming unpaid compensation and requested that an action for the recovery thereof be brought.

(3) The defendant, Architectural Aluminum Products, Inc., a corporation, hereinafter referred to as defendant, filed its answer to the Complaint by which it admitted that during the entire period covered by the Complaint, Billy V. Clark was engaged in commerce and in the production of goods for commerce, within the meaning of the Fair Labor Standards Act and affirmatively pleaded that Billy V. Clark was exempt from the overtime requirements of the Act as an "executive or administrative employee under Section 13(a)(1) of the Act."

(4) Defendant is a corporation organized and existing under and by virtue of the laws of the State of South Carolina, which operates a manufacturing establishment engaged in the production, sale and distribution of trailer chassis, aluminum windows, doors and other aluminum products in the town of Fairmont, South Carolina, and its products are sold, shipped and distributed in commerce.

(5) That during the period from January 28, 1955, to April 6, 1956, Billy V. Clark was employed as a working foreman whose duties required welding, forming, etching and manipulation or operation with metals.

(6) That during the aforesaid period, Billy V. Clark was employed at a weekly salary which varied from $60 to $85 per week for a workweek of unspecified number of hours.

(7) That during the aforesaid period, Billy V. Clark devoted more than 20% of his time in each workweek to work that was non-supervisory and of a nature similar to that performed by the employees working under him.

(8) With respect to Condition (e) of Regulation 541.1 of the Wage and Hour Administrator, 1949 Ed., Code of Federal Regulations, Title 29—Labor, Chapter V, subchapter A; 29 U.S.C.A. § 541.1, the defendant failed to establish that Billy V. Clark devoted less than 20% of the hours worked by him in each workweek, during the aforesaid period, to activities that were non-supervisory and of a na-

**24**

ture similar to that performed by employees working under him.

(9) That the duties performed by Billy V. Clark were not directly and closely related to the performance of executive work.

10. During the aforesaid period, defendant failed to compensate Billy V. Clark for the overtime hours he worked for the benefit of the defendant.

11. That during the period from January 28, 1955, to April 6, 1956, Billy V. Clark should have been paid overtime compensation for the hours worked each workweek in excess of forty, in the total amount of $739.50.

## Conclusions of Law

1. Jurisdiction of the subject matter and of the parties to this action is conferred upon this court by Section 16(c) of the Fair Labor Standards Act.

■ 2. That during the period from January 28, 1955, to April 6, 1956, Billy V. Clark should have been paid overtime compensation for the hours worked in excess of 40 hours each workweek at the rate of one and one-half times his regular rate, which regular rate of pay equals total compensation paid each week divided by the total number of hours worked each week. Overnight Motor Transportation Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

■ 3. Under valid Regulations promulgated by the Secretary of Labor, an employee to be exempt from the provisions of the Fair Labor Standards Act pursuant to Section 13(a)(1) as an executive, all six conjunctive conditions as set forth in Section 541.1, Code of Federal Regulations, Title 29, Chapter V, must be met. Walling v. General Industries Co., 330 U.S. 545, 548, 67 S.Ct. 883, 884, 91 L.Ed. 1088; Helliwell v. Haberman, 2 Cir., 1944, 140 F.2d 833; Fletcher v. Grinnel Brothers, 6 Cir., 1945, 150 F.2d 337; Cintron Rivera v. Bull Insular Line, 1 Cir., 1947, 164 F.2d

88; Rothman v. Publicker Industries, Inc., 3 Cir., 1953, 201 F.2d 618; Pugh v. Lindsay, 4 Cir., 1953, 206 F.2d 43; Wilkinson v. Noland Co., D.C.E.D.Va.1941, 40 F.Supp. 1009.

4. That Billy V. Clark failed to meet at least one of the prerequisites required for an employee to be exempt under § 13 (a)(1) in that he devoted more than 20% of his hours in a workweek in work that was non-supervisory and of a nature similar to that performed by employees working under him.

■ 5. Defendant failed to adduce any evidence to sustain the burden of proof that Billy V. Clark was exempt pursuant to § 13(a) (1) of the Act. A. H. Phillips, Inc., v. Walling, 324 U.S. 490, 498, 65 S.Ct. 807, 89 L.Ed. 1095; Walling v. Rockton and Rion R. R., D.C.W.D. S.C.1944, 54 F.Supp. 342, 348, affirmed 4 Cir., 146 F.2d 111, certiorari denied, 324 U.S. 880, 65 S.Ct. 1026, 89 L.Ed. 1431; Pugh v. Lindsay, supra; Boisseau v. Mitchell, 5 Cir., 1955, 218 F.2d 734; Mitchell v. McCarty, 7 Cir., 1957, 239 F.2d 721, 724.

■ 6. Plaintiff sustained the burden of proving that the employee performed overtime work for which he was not properly compensated and has shown the amount and extent of hours worked as a matter of just and reasonable inference. The plaintiff is not required in cases of this type to prove with exactness and precision the hours worked and the amount due. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 515; Porter v. Poindexter, 10 Cir., 1947, 158 F.2d 759; Handler v. Thrasher, 10 Cir., 1951, 191 F.2d 120; Foremost Dairies, Inc., v. Ivey, 5 Cir., 1953, 204 F.2d 186.

7. Plaintiff, James P. Mitchell, is entitled to recover from the defendant, Architectural Aluminum Products, Inc., the sum of $739.50, together with regular interest thereon and costs.

Let judgment be entered accordingly.