365 F.2d 277
 W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,
v.
C. C. BLEDSOE and Emmett Marcum as individuals and doing business as Oklahoma Auction Yard, a partnership, Appellees.
 No. 8439.
 United States Court of Appeals Tenth Circuit.
 August 22, 1966.
 Rehearing Denied September 21, 1966.
 
 Anastasia T. Dunau, Washington, D. C. (Charles Donahue, Sol. of Labor, Bessie Margolin, Assoc. Sol., Robert E. Nagle and Allen H. Sachsel, Attys., and Major J. Parmenter, Regional Atty., U. S. Dept. of Labor, on the brief), for appellant.
 Robert P. Kelly, Pawhuska, Okl., (Bruce W. Gambill, Pawhuska, Okl., was with him on the brief), for appellees.
 Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 This action was instituted by the Secretary of Labor under section 17 of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by complaint alleging that the defendants-appellees had violated the overtime wage provisions of the Act and had failed to keep adequate records as required by the Act. This appeal is taken by the Secretary from a judgment favoring defendants and entered by the trial court at the close of plaintiff's evidence. See Fed.R.Civ.P. 41(b). The judgment is premised upon findings that any overtime work performed by defendants' employees was contrary to instructions and without defendants' knowledge and a specific finding that the employee Woodrow E. Linville was employed in an executive capacity and thus exempt from the compulsion of the Act pursuant to section 13(a) (1), 29 U.S.C. § 213(a) (1). We are compelled to agree with the Secretary that the latter finding is not supported by the record and that the fact that the defendants gave instructions not to work overtime is not a defense to a claim for overtime actually worked.
 
 
 2
 Defendants operate a cattle auction yard at Hominy, Oklahoma. Woodrow E. Linville was employed to manage the yard at a monthly salary of $350. His duties included the direction of four other employees at the yard, three of whom were members of his family. He had the right to hire and fire. Linville lived in a house at the yard, worked irregular hours, night and day, seven days a week. No record was kept of his time and it is clear from the record that Linville's principal work consisted of his own participation in the physicial activities at the yard consisting of handling cattle, feeding and watering, loading and unloading shipments, and general maintenance and clearing work in the yard. His duties were almost classically those of a working foreman, Joseph v. Ray, 10 Cir., 139 F.2d 409, and do not qualify him as an "executive" under applicable regulations of the Secretary of Labor. See 29 C.F.R. § 541.1(d)-(f).
 
 
 3
 It has long been established that the purpose of the Fair Labor Standards Act cannot be frustrated by an employer's instructions or even a contract not to work overtime. Handler v. Thrasher, 10 Cir., 191 F.2d 120. Although the defendants testified that they had no actual knowledge that any employee was putting in overtime it is not disputed that Linville's duties were well known to the defendants and that the overtime hours of the other employees appeared upon their time sheets. Under such circumstances the provisions of the Act are applicable. Handler v. Thrasher, supra.
 
 
 4
 The case is remanded to the trial court for further proceedings in accord with this opinion.