DAVID NORTH ET AL., APPELLANTS, V. CITY OF OMAHA, A
MUNICIPAL CORPORATION, ET AL., APPELLEES.
337 N.W.2d 409

Filed August 5, 1983.  No. 82-429.

S. Caporale, for appellants.

Herbert M. Fitle, City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and SHANAHAN, JJ.

WHITE, J.

This is an action by six employees of the City of Omaha brought to recover wages claimed due them for time worked before the regular starting time and for work performed while on call during lunch periods. The trial was bifurcated by agreement of the parties, and any determination of wages due was postponed until after a determination of whether the City was responsible for such wages. The District Court for Douglas County determined that the employee plaintiffs were not entitled to any additional

wages and dismissed the action. We reverse and remand for further proceedings.

The parties stipulated that the plaintiffs either did occupy or were at the time of trial occupying the position of auto repair foremen in the department of public works of the City of Omaha, central garage division, and were classified as a (12MC) under the city ordinance.

The ordinances of the city pertinent to this controversy were also introduced. *"Sec. 23-251. Hours of work.* (a) Eight (8) hours shall constitute a day's work and five (5) calendar days shall constitute a week's work for all municipal employees, except: (1) Firefighting personnel assigned to twenty-four (24) hour duty shifts, (2) Professional, supervisory or administrative employees in civilian classifications assigned to pay range (15MC) and above . . . (d) For civilian positions in pay ranges (15MC) and above . . . which are professional, supervisory or administrative in character, the normal work week of forty (40) hours generally applies; but the compensation is intended to be appropriate for the class regardless of variation in the time that may be required to satisfactorily fulfill the responsibilities of the position in each class."

*"Sec. 23-253.* . . . . Overtime worked by municipal employees shall be compensated by pay or compensatory time off in accordance with the following procedures: (a) *Civilian personnel*: Work performed in excess of forty (40) hours per week shall be compensated at the rate of time and one-half for the number of hours of overtime worked, provided that temporary or seasonal employees; professional, supervisory or administrative personnel assigned to pay range (15MC) or above, and employees who are furnished living quarters on city property, shall be exempt from overtime compensation. Holidays shall be counted as days worked in computing over-time."

The effect of all the stipulations was that plaintiffs

were entitled to overtime compensation for hours worked in excess of 8 hours per day and 40 hours per week. The dispute in the trial court was whether they were required to work additional time before a shift and during lunchtime.

The evidence is not seriously in dispute. Through long custom, automotive foremen are expected to report for work 30 minutes before the start of a shift at the central garage to open the shop, to prepare the shop, to prepare work orders for equipment, and to assign mechanics to specific work. The aim is to have all mechanics working at the time the shift starts.

The Department of Public Works garage bills other departments for work prepared for them and aims for a billing percentage for mechanical work of 95 percent. The remaining 5 percent not billed is allowable cleanup time and storing of tools.

A half hour lunch is provided. Although a clerk is present during the shift, her lunch period is the same as the other employees. Her duties include answering the telephone and referring calls for service to the foreman, who alone has the authority to dispatch mechanics to make onsite repairs of disabled equipment.

As in the case of the preshift reporting, no specific command exists requiring foremen to eat their lunch on the garage premises, except the oral directive that the office shall be attended throughout the shift, including the lunch period. Since the foreman or his delegate is the only person who could dispatch mechanics or equipment, the reasonable conclusion of the foremen is that they are required to eat lunch on the premises and to perform their duties as needed.

The trial court, in determining that the preshift reporting time was not compensable, placed reliance on a decision of the U.S. District Court for Nebraska. *McComb v. C. A. Swanson & Sons*, 77 F. Supp. 716 (D. Neb. 1948). There, the judge pointed out that

the Portal-to-Portal Act amended the Fair Labor Standards Act by excluding "activities which are preliminary to or postliminary to said principal activity." *Id.* at 731. The case is distinguishable. At issue in *McComb* was time spent by employees changing into and out of a working uniform. In the instant case the work performed was substantially the same as that performed during the shift, determining what had to be done and assigning people to do it. The same can be said of the lunch period. To suggest that the absence of a written rule specifying what lunchtime is to be had in the garage is determinative, while at the same time acknowledging that the office must be attended, and presumably by authoritative persons present to take action, is to ignore reality. The salient fact exists that a foreman or his delegate must be present to perform essentially the same duties as he is required to perform in his shift activity.

Substantial authority exists for the proposition that work not requested but permitted is worktime and compensable, *Handler v. Thrasher*, 191 F.2d 120 (10th Cir. 1951); *Republican Pub. Co. v. American Newspaper Guild*, 172 F.2d 943 (1st Cir. 1949), and for the proposition that when an employer retains a hold on employees during lunchtime so that the employees are not actually at liberty to leave, the lunchtime constitutes compensable time. *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981 (8th Cir. 1952); *F. W. Stock & Sons v. Thompson*, 194 F.2d 493 (6th Cir. 1952); *Thompson v. Iowa Beef Packers, Inc.*, 185 N.W.2d 738 (Iowa 1971).

It is absolutely clear from the record that the plaintiffs were working during the disputed time at functions ordinarily performed during shift hours and, under the clear reading of the city ordinances, were entitled to be compensated for that time.

REVERSED AND REMANDED.

CAPORALE, J., not participating.