956 F.2d 1170
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry WHITAKER, Plaintiff-Appellant,
v.
PACIFIC ENTERPRISES OIL COMPANY (USA), a corporation,
Defendant-Appellee.
 No. 91-5093.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Larry Whitaker brought this action against Defendant Pacific Enterprises Oil Company (Pacific Enterprises) to recover overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207(a)(1), 216(b). The district court granted summary judgment in favor of Pacific Enterprises, and this appeal followed. For the reasons set forth below, we affirm.
 
 
 3
 Whitaker was hired by and worked continuously for Pacific Enterprises from 1979 or 1980 until his termination in September 1989. During his employment, Whitaker was paid on an hourly basis with overtime pay for work in excess of forty hours per week. Whitaker was responsible for completing bimonthly time sheets which reflected the number of hours he worked and his vacation, sick, holiday, and overtime compensation.
 
 
 4
 Whitaker's claim for overtime compensation is based on a twenty month period from January 1988 to August 1989. During this time period, Whitaker was paid for 279 hours of overtime. Whitaker contends that during this same period he also worked an additional 638 hours of overtime, which he did not report on his time sheets, but recorded privately on his personal calendar.
 
 
 5
 The district court granted summary judgment for Pacific Enterprises based on Whitaker's failure to establish an essential element of his case. Specifically, the district court concluded that Whitaker failed to raise a triable issue as to whether Pacific Enterprises knew or should have known that he was working overtime hours. We review the district court's determination de novo. Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990).
 
 
 6
 Under the FLSA, a plaintiff must demonstrate that he was "employed" by the defendant/employer in order to prove a violation. 29 U.S.C. § 207(a)(1). To satisfy this requirement, courts have uniformly held that a plaintiff must show, as an element of his case, that his employer knew or should have known of his overtime work. Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir.1986); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981); Fox v. Summit King Mines Ltd., 143 F.2d 926, 932 (9th Cir.1944); Neal v. Braughton, 111 F.Supp. 775, 782 (W.D.Ark.1953). In this appeal, Whitaker raises two arguments for holding Pacific Enterprises liable for his claimed extra work even though he failed to report such work on his time sheets.
 
 
 7
 First, Whitaker contends that his voluntary choice not to report overtime was justified in light of comments made to him in 1986 or 1987 by his then supervisor, Mike Bryant. Whitaker, in deposition testimony, stated that he tried to discuss his work load with Bryant who responded by stating "Can't you handle it? Can't you handle your job?" Appellant's App. at 3. According to Whitaker, he interpreted these comments to mean he could jeopardize his job by working overtime.
 
 
 8
 In our view, the unelaborated comments attributed to Bryant merely suggest that Pacific Enterprises may have discouraged overtime work, which does not constitute a violation of the FLSA. Bryant's comments do not establish that Pacific Enterprises had the requisite actual or constructive knowledge of specific uncompensated overtime work performed by Whitaker. Evidence that Bryant told Whitaker not to report actual overtime work would obviously substantiate a violation of the FLSA. However, Whitaker has not indicated by way of allegation, deposition testimony, or other evidence that he was so instructed.
 
 
 9
 Whitaker next contends that Pacific Enterprises had actual or constructive knowledge of the 638 hours of overtime he allegedly accumulated, despite his failure to report such work on his time sheets, because each of his supervisors during the relevant period, Bryant, Jim Elledge, and Kent Samuel, saw him either "many times" or on "numerous occasions" working late in the evening or on weekends. See Wirtz v. Bledsoe, 365 F.2d 277, 278 (10th Cir.1966) (failure to report additional overtime does not preclude recovery under the FLSA if there is other evidence indicating that employer was aware of or should have been aware of extra work); Handler v. Thrasher, 191 F.2d 120, 123 (10th Cir.1951) (same). It is significant that the issue of Pacific Enterprises' knowledge is being assessed in the context of a summary judgment. Under these circumstances, the question is not whether Whitaker will ultimately prevail on his claim. Rather, the inquiry is whether Whitaker presented sufficient evidence which, if believed, could support an inference that Pacific Enterprises had actual or constructive knowledge that the 279 hours of overtime claimed by Whitaker during the relevant period performed was inaccurate and Whitaker actually performed an additional 638 hours of extra work. See generally, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case....").
 
 
 10
 We agree with the district court that Whitaker failed to present sufficient evidence to escape summary judgment. Pacific Enterprises supported its motion for summary judgment with sworn declarations from Elledge and Samuel who denied knowledge of Whitaker's claimed overtime, and who also stated they had no way of knowing whether Whitaker was working such overtime because they did not work on the same floor as him. Appellee's Supplemental App. at 49-52. To avoid summary judgment, Whitaker had to come forward with specific facts showing a genuine issue for trial regarding Pacific Enterprises' requisite actual or constructive knowledge of his alleged extra work. Celotex, 477 U.S. at 323. Whitaker, however, merely presented conclusory and self-serving excerpts from his deposition where he stated that his supervisors saw him working the alleged overtime. Whitaker failed to offer any evidence to support these assertions or any evidence that Elledge or Samuel were untrustworthy. More importantly, Whitaker failed to offer any explanation how his supervisors during the relevant period knew or should have known that the overtime work he seeks compensation for in this case is different from the 279 hours of overtime which he was compensated for. In essence, Whitaker's contention that Pacific Enterprises had actual or constructive knowledge of his claimed 638 hours of overtime work is premised on speculation, and Whitaker is hoping something will turn up at trial. This is an insufficient basis upon which to avoid summary judgment. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir.1988) (to defeat summary judgment "a party cannot rest on ... speculation, or on suspicion").
 
 
 11
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3