961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack C. RILEY, Plaintiff-Appellant,
v.
The TOWN OF BASIN, a subdivision of the State of Wyoming,
Defendant-Appellee.
 No. 91-8022.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before JOHN P. MOORE and EBEL, Circuit Judges, and COOK, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Jack C. Riley appeals the denial of his claim for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207(l). The Town of Basin, Wyoming, Mr. Riley's employer, defended the nonpayment on the grounds Mr. Riley was an exempt employee under the FLSA and had prevented the Town from learning of the extra hours he worked. Mr. Riley now challenges the district court's agreement with those defenses, urging error in both its factual findings and legal conclusions. Albeit the scant record provided for our review,[1] we believe the district court applied the wrong legal analysis. Consequently, we remand for the court to apply the appropriate criteria to determine Mr. Riley's alleged entitlement to overtime compensation.
 
 I.
 
 2
 In 1983, Mr. Riley was hired by the Town of Basin as Office Manager, responsible primarily for a variety of bookkeeping tasks. During his first year, Mr. Riley was compensated for overtime hours worked. The following year, however, the Town changed Mr. Riley's title from Office Manager to Clerk/Treasurer, Business Manager, and changed its policy on overtime to provide that no Town employees were to work more than forty hours a week without prior authorization. Like other Town employees, Mr. Riley submitted weekly time cards to account for the hours he worked. Although his time card might indicate he had worked more than forty hours that week, no overtime hours were claimed for the additional time. (Appellee's Addendum to Brief, Defendant's Exhibit AAA). Until his resignation in 1988, Mr. Riley did not specifically request overtime compensation from the Town although other supervisory and regular employees requested and received authorization to perform overtime work. After Mr. Riley resigned, Ms. Charlene Anderson, who had previously been assigned to reading water meters, assumed Mr. Riley's position although some of the duties he had routinely performed were delegated to an outside accountant, the mayor, and Town council members.
 
 
 3
 Before the district court, Mr. Riley presented evidence to establish his entitlement to unpaid overtime compensation and to rebut the Town's affirmative defenses. Contending the Town of Basin had made clear to him it would not pay him overtime, Mr. Riley attempted to prove further explicit requests would have been futile. Following the bench trial, the court held Mr. Riley failed to prove " 'as a matter of just and reasonable inference,' that he worked over forty (40) hours in any week during the time for which plaintiff now claims overtime compensation," quoting in part, Mitchell v. Caldwell, 249 F.2d 10, 11 (10th Cir.1957); and, under 29 U.S.C. § 213(a)(1), Mr. Riley was an exempt executive employee as defined by 29 C.F.R. § 541.1. The court enumerated those factors that supported this conclusion: "plaintiff's receiving a salary of not less than $250 per week; (b) plaintiff's primary duty of managing the business affairs of the Town of Basin; (c) plaintiff's regular direction of the work of at least two Town of Basin employees"; ... [and] ... (c) plaintiff's authority to hire and fire other employees; (d) plaintiff's regular exercise of discretion in his job; (e) plaintiff's devotion of "more than eighty percent (80%) of his hours of work to managing the business affairs of the Town of Basin, directing employees of the Town of Basin, handling personnel matters, and exercising discretion as regards his duties; and plaintiff's receiving a salary of not less than $155 per week." (Order at 12). Moreover, relying on Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414-15 (9th Cir.1981), the court held "plaintiff prevented defendant from acquiring knowledge of his alleged right to receive overtime compensation; without that knowledge, defendant could not have 'suffered or permitted' plaintiff to work in violation of FLSA." (Order at 13).
 
 II.
 
 4
 Section 7(a) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to compensate employees who work more than forty hours per week at the rate of one and one-half times the employee's regular pay.[2] However, Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1),[3] exempts employees in a "bona fide executive, administrative, or professional" capacity from the maximum hour provision and authorizes the Secretary of Labor to define and delimit by regulation the means to determine such an exemption.
 
 
 5
 This is done for a "bona fide executive" position in 29 C.F.R. § 541.1, which sets forth a "long" and "short" test, each tied to the salary an employee earns, to decide whether an exemption is warranted. Because the court found Mr. Riley earned $485 per week, the "short test" applies. 29 C.F.R. § 541.1(f). Under this test,
 
 
 6
 an employee who is compensated at a rate of not less than $250 per week ... and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section.
 
 
 7
 Id. (emphasis added). Not only does the employer bear the burden of establishing "the facts requisite to an exemption," Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 206 (1966); but exemptions must be "construed narrowly against the employer seeking to assert them." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960). In every instance, "the inquiry into exempt status under § 13(a)(1) remains intensely factbound and case specific." Dalheim v. KDFW-TV, 918 F.2d 1220, 1226 (5th Cir.1990).
 
 
 8
 Although the regulations state the determination of whether an employee has management as his primary duty is based on "all the facts in a particular case," 29 C.F.R. § 541.103, "a good rule of thumb [is] that primary duty means the major part, or over 50% of the employee's time." Id. However, the regulation cautions that time alone is not dispositive especially when other pertinent factors are present like the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. Id. "At least under the short tests, the employee's primary duty will usually be what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if they consume more than half her time." Dalheim, 918 F.2d at 1227.
 
 
 9
 To apply the "short test" to the facts of this case, first, Mr. Riley's primary duty, what he does of principal value to his employer, must be "the management of the enterprise ... or a customarily recognized department or subdivision" of the Town of Basin. The regulations elaborate on the definition of management adding that in most cases "managerial and supervisory functions ... are easily recognized as within the scope of the exemption." 29 C.F.R. § 541.102(a). Examples given of exempt management work are
 
 
 10
 [i]nterviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work ... appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status ... handling their complaints and grievances and disciplining them when necessary; planning the work....
 
 
 11
 29 C.F.R. § 541.102(b).
 
 
 12
 Second, to qualify as an exempt executive employee, Mr. Riley must customarily and regularly supervise at least two full-time employees. An employee's title alone cannot fulfil this requirement. 29 C.F.R. § 541.105(d). Instead, implicit in this evaluation is the exempt executive employee's authority to hire or fire or to provide suggestions about job status, promotion or advancement that will be given particular weight. 29 C.F.R. § 541.106.
 
 
 13
 Thus, no employee, whether high or low in the hierarchy of management, can be considered as employed in a bona fide executive capacity unless he is directly concerned either with the hiring or the firing and other change of status of the employees under his supervision, whether by direct action or by recommendation to those to who [sic] the hiring and firing functions are delegated.
 
 
 14
 Id.
 
 
 15
 While the regulation deems an employee meeting the primary duty and supervision requirements of the "short test" satisfies the additional requirement of customarily and regularly exercising discretionary powers, that determination is not part of the "short test." Donovan v. Burger King Corp., 672 F.2d 221, 226 (1st Cir.1982).[4] Similarly, evidence of not devoting more than 20% of the employee's time to activities which are not directly and closely related to the management of the enterprise is not central for resolution.
 
 
 16
 Against this framework,[5] the district court catalogued those facts it believed comprised Mr. Riley's primary duty at work. Among those management activities were:
 
 
 17
 processing and reviewing purchase orders, computer input, communicating with vendors supplying goods and services to the Town of Basin, processing claims against the Town of Basin, ensuring proper execution of city documents, reviewing time sheets for accuracy and proper execution, preparing of payroll, maintaining the town of Basin's accounting records, conducting and/or assisting in audits of the Town of Basin, advising the Mayor and Town Council on revenue matters, administering bond issues, advising departments of the Town of Basin on duties and responsibilities, supervising heads of departments ... preparing for and attending Council meetings, reviewing budget requests, coordinating budgeting process among departments, providing the proposed budget to the Mayor ... reviewing with the Mayor the proposed budget, finalizing the budget pursuant to direction of the Mayor, reviewing finalized budgets with the Mayor and Town Council, maintaining office equipment and filing systems, coordinating business aspects of Town of Basin water project, reviewing project progress with the Mayor and Town Council, coordinating mail distribution, responding to correspondence when appropriate, and managing and directing performance of Town of Basin employees within the business offices of the Town....
 
 
 18
 (Order at 5). As evidence of Mr. Riley's exercise of discretion, the court cited the "manner and order of accomplishing the various tasks" and deciding whether he or another employee would perform the task. (Order at 5-6).
 
 III.
 
 19
 We review the facts necessary to the proper resolution of the legal question whether the FLSA warrants an exemption under the clearly erroneous standard articulated in Fed.R.Civ.P. 52(a). Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 713 (1986). While the district court detailed historical facts figuring into its resolution, it also drew inferences based on its interpretation of those facts. We review these findings as well under the clearly erroneous standard. Brock v. El Paso Natural Gas Co., 826 F.2d 369, 372 (5th Cir.1987). However, we exercise plenary review to decide whether the district court properly applied its findings of fact to the regulations at issue. Id.
 
 
 20
 Under Rule 52(a), Mr. Riley bears the burden of persuading us the district court's findings of fact are clearly erroneous. 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2585, at 729 (1971). We must conclude Mr. Riley has failed entirely to meet this burden because of the woefully inadequate record he has provided for our review. His fragmented excerpts shed little light on the entire script from which the district court discerned the facts.
 
 
 21
 However, where a finding of fact is based on a misconception of the underlying legal standard, we are not bound by the clearly erroneous standard. Id. at 734; Chaparral Resources, Inc. v. Monsanto Co., 849 F.2d 1286, 1289 (10th Cir.1988); Pavlides v. Galveston Yacht Basin, Inc., 727 F.2d 330, 339 n. 16 (5th Cir.1984). On this basis we must reverse the district court.
 
 
 22
 As an initial matter, the district court repeatedly indicated examples of Mr. Riley's exercise of discretion. As noted, such findings are unnecessary once the court applies the "short test."[6] The nature of work Mr. Riley performed must be the court's focus. When we review the court's findings of fact on Mr. Riley's management duties, we are concerned these findings are out of focus as well. For example, the court cited Mr. Riley's preparing the payroll, keeping time cards, and other record keeping tasks. However, the regulations specify these are not indicators of management responsibilities. 29 C.F.R. § 541.108(b)[7]. Other tasks noted, reviewing time sheets for accuracy and proper execution, reviewing budget requests, maintaining office equipment and filing systems, for examples, also seem to comprise "work directly and closely related" to management but not management work itself.
 
 
 23
 The second component of the "short test," customarily and regularly supervising at least two full-time employees or the equivalent, must be supported by evidence of Mr. Riley's authority to hire and fire or otherwise make recommendations accorded particular weight in employment status questions. The court cites no evidence of this component other than the conclusory statement Mr. Riley "supervised, and had power over hiring, firing and promotion of, at least two Town of Basin employees, Charlene Anderson and Marilyn Gish."[8] Moreover, it is difficult to glean the nature of Mr. Riley's supervisory duties from the court's enumeration of his "managerial" duties.[9]
 
 
 24
 In sum, when we place the court's findings into the FLSA's regulatory puzzle, we find the pieces don't fit. We believe this result was prompted by the court's misapprehension of the law. Based on the record before us, therefore, the employer, the Town of Basin, did not meet its burden of demonstrating a bona fide executive exemption by "clear and affirmative evidence." Donovan v. United Video, Inc., 725 F.2d 577, 581 (10th Cir.1984).
 
 IV.
 
 25
 The court decided Mr. Riley was not entitled to overtime pay, not only because of his exempt status, but also because he had failed to prove "as a matter of just and reasonable inference" and "with definite and certain evidence" that he worked more than forty hours per week. (Order at 8-9, citing Mitchell v. Caldwell, 249 F.2d 10, 11 (10th Cir.1957), and Reeves v. International Tel. & Tel. Corp., 616 F.2d 1342, 1351 (5th Cir.1980), cert. denied, 449 U.S. 1077 (1981)).[10] We believe the district court placed too onerous a burden on the employee.
 
 
 26
 As recognized in Donovan v. United Video, Inc., 725 F.2d at 583, the proper standard was articulated in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), in which the Court stated:
 
 
 27
 [A]n employee has carried out his burden [in a claim for back wages under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.
 
 
 28
 Placing on the employee the burden of proving the precise amount of overtime worked, the Anderson Court noted, "has the practical effect of impairing many of the benefits of the Fair Labor Standards Act." 328 U.S. at 686. "The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee." Id. at 687.
 
 
 29
 The district court rejected Mr. Riley's time sheets and diary notations reflecting the additional hours worked as not sufficiently definite and certain. (See Appellee's Addendum to Brief). Under Anderson, particularly when the employee's records are imprecise, the "solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Id. Instead, the burden then shifts to the employer.[11] If the employer cannot provide evidence of the precise amount of work performed or negative "the reasonableness of the inference to be drawn from the employee's evidence," id., the factfinder may make a "fair and just approximation under the facts presented." Reeves v. International Tel. and Tel. Corp., 616 F.2d at 1352.
 
 
 30
 As further evidence of Mr. Riley's failure of proof, the district court noted Ms. Anderson, "who now performs, and has performed since July of 1988, duties previously performed by plaintiff works no more than forty (40) hours per week on duties associated with managing the Town of Basin's business affairs; ..." (Order at 9). However, this is inconsistent with the court's other finding that Ms. Anderson was only one of three people performing tasks previously done by Mr. Riley.
 
 
 31
 Finally, the district court's reliance on Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d at 413, is misplaced. In Roth, the employee never mentioned his overtime work to any store official, and his employers testified they had no knowledge of their employee's additional hours. Here, however, Mayor Russell testified even if Mr. Riley "had come to me and said, I would like to be paid overtime, I would have said no." (Appellant's Brief Appendix at 180). Ms. Anderson testified if she had to work more than forty hours per week, when, for example, she attended a council meeting in the evening, she took compensatory time.[12]
 
 
 32
 An employer cannot take shelter in an instruction to employees not to work more than forty hours per week knowing the employee actually works more, Wirtz v. Bledsoe, 365 F.2d 277, 278 (10th Cir.1966), nor accept the benefits arising from the employee's extra work without compensating for them. Mumbower v. Callicott, 526 F.2d 1183 (8th Cir.1975). We believe the court incorrectly relied on Roth to conclude Mr. Riley prevented his employer from learning of his right to receive overtime compensation.
 
 
 33
 We therefore remand the case for the district court to apply the "short test" to the trial evidence. If the Town of Basin has met its burden of establishing the exemption under this test, Mr. Riley's claim, of course, fails. However, if the employer does not succeed, the court should give "due consideration to the [Anderson ] de minimus doctrine," 328 U.S. at 694, and calculate appropriate damages.
 
 
 
 *
 The Honorable H. Dale Cook, United States Senior District Court Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Riley's counsel has failed to comply with 10th Cir.R. 10.2.3., as amended by the Court's Order, filed October 25, 1990, Appendices to Briefs, B.2(d), which states: "Other items, including excerpts of transcript, should be included when expressly referred to in the brief and when they are relevant to an issue raised on appeal." (emphasis added)
 
 
 [2]
 29 U.S.C. § 207(a)(1) states:
 Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
 
 
 [3]
 29 U.S.C. § 213(a)(1) states:
 [A]ny employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of Title 5, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities); ...
 
 
 [4]
 We note that for exempt administrative employees, as well, application of the "short test" does not require that employees "customarily and regularly" exercise discretion and independent judgment. Instead, the regulation imposes "the more liberal standard that an employee's primary duty 'include' work requiring the exercise of discretion and independent judgment." Donovan v. United Video, Inc., 725 F.2d 577, 581, n. 4 (10th Cir.1984) (citing Dymond v. United States Postal Serv., 670 F.2d 93, 95 (8th Cir.1982))
 
 
 [5]
 We presume the Town of Basin argued only for the bona fide executive exemption before the district court. As noted, the record submitted does not include sufficient materials of the proceedings before the district court to know how the defense was raised. In its amended answer to the complaint included in Appellant's Brief Appendix, the Town of Basin alleged plaintiff's duties were managerial, administrative, and professional
 
 
 [6]
 For example, contrary to the court's finding, the manner and order of accomplishing tasks are not indicators for the exercise of discretion. Clark v. J.M. Benson Co., 789 F.2d 282, 288 (4th Cir.1986) (bookkeeper was not exempt administrative employee)
 
 
 [7]
 The regulation states a timekeeper's keeping basic records is clearly not exempt in nature. "However, the preparation of a payroll by a supervisor, even the payroll of the employees under his supervision, cannot be considered to be exempt work since the preparation of a payroll does not aid in the supervision of the employees or the management of the department." 29 C.F.R. § 541.108(b). Although this work may be considered work directly and closely related to management work, the regulation makes clear it is not of itself management work
 
 
 [8]
 We would also note 29 C.F.R. § 541.105(c) states: "It has been the experience of the divisions that a supervisor of a [sic] few as two employees usually performs non-exempt work in excess of the general 20-percent tolerance provided in § 541.1."
 
 
 [9]
 The record contains a description of the position of Business Manager which states:
 Supervision Received: Works under the guidance and direction of the mayor and council.
 Supervision Exercised: Exercises general supervision over a staff of clerical and technical personnel in the business office.
 (Plaintiff's Ex. 4).
 In Donovan v. United Video, 725 F.2d at 582, n. 5, the court noted evidence of nominal supervision where the employee spends only small amounts of his work week in supervisory work does not fulfil § 541. In that case, the court agreed the employee's testimony "makes clear that his supervisory work involves more coordination than direct supervision."
 
 
 [10]
 We would note once the employee is unable to meet his burden of proving he performed work in excess of 40 hours per week, the employer's need to come forward with an affirmative defense to nonpayment is obviated
 
 
 [11]
 Indeed, under the FLSA an employer is required to keep such records. 29 U.S.C. § 211(c) states:
 Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.
 
 
 [12]
 Ms. Anderson stated, "I try to take it off during the day, next day, if I have to work at night is what I do now." (Appellant's Brief Appendix at 166)